## BRANTLEY *vs.* BAKER.

1. The giving of a bond is a condition precedent to the return of the papers to court for trial, where an affidavit of illegality is tendered to the execution issued on the foreclosure of a chattel mortgage, and if the bond be not conditioned substantially as the statute requires, the papers ought not to be returned to court and the sale suspended.

2. The condition of the bond prescribed by the statute is " for the return of the property when called for by the levying officer." This requirement is not met by a bond, the condition of which is that the defendant "should return the property . . to the levying officer in case the issue formed on the affidavit of illegality . . . should be found against the said W. D. Brantley" (the defendant); and an affidavit, accompanied by such a bond, was properly dismissed.

February 9, 1886.

Bonds.  Mortgages.  Written Instruments.  Illegality. Before Judge LUMPKIN.  Hancock Superior Court. April Term, 1885.

Reported in the decision.

JORDAN & LEWIS; HARRISON & PEEPLES, for plaintiff in error.

JAMES A. HARLEY, for defendant.

Brantley *vs.* Baker.

JACKSON, Chief Justice.

The question made in this record is, whether an affidavit of illegality to a mortgage *fi. fa.* on personalty should be dismissed because the condition of the bond is as follows:

"Now, if the said W. D. Brantley should return the property so levied on to the levying officer, in case the issue formed on the affidavit of illegality to the foreclosure of said mortgage should be found against the said W. D. Brantley, this bond to be void, else of full force."

·1. The bond is a condition precedent to the return of the papers to court in order to try the issue made by the affidavit. Code, §3976; 61 *Ga.*, 390, 391. If, therefore, the bond be not conditioned substantially as the statute requires, the papers ought not to be returned to court and the sale suspended.

2. The condition of this bond is not that which the statute requires. In the statute, the condition prescribed is " for the return of the property when called for by the levying officer;" in the bond before us, the condition is, "should return the property . . to the levying officer, in case the issue formed on the affidavit of illegality . . . should be found against the said W. D. Brantley," thus narrowing much the scope of the condition which the statute requires. The statute requires an obligation to return it at any time before or after the trial when called for; this obligation before us requires it only after trial of the issue, if found against the affiant. The difference is material. The officer may want it back before trial; sureties on the bond may fail; it may be necessary to strengthen it, or other circumstances arise before trial, such as making its possession desirable for sale if perishable or waxing worthless. For these reasons the condition is made broad by the statute. This chattel property is mortgaged to pay a debt; affidavit is made by the creditor of the amount due; thereupon the clerk issues execution against the chattel; it is levied upon it; and to prevent its sale and have an issue

returnable to court for trial, the mortgagor must make an affidavit of his ground of defence to the mortgage and give the bond the statute requires.   Code, §§3971, 3972, 3975, 3976; 61 *Ga.*, 391.

There was, therefore, no error in dismissing the affidavit of illegality, and the judgment is affirmed.

Judgment affirmed.