## LYTLE *vs.* DeVAUGHN.

1. By section 3505 of the code, all bonds taken under requisition of law in the course of a judicial proceeding, may be amended and new security given if necessary. A bond given on filing an affidavit of illegality by the defendant in a mortgage *fi. fa.*, issued to subject personal property, falls under this section, and if the penalty be too small and the condition variant from that prescribed by statute, it is amendable in both respects.

2. The motion to amend is in time if made before any order or judgment dismissing the illegality has been entered, although the court has orally announced that the motion to dismiss is sustained.

July 11, 1888.

Bonds. Amendment. Practice in superior court. Before Judge FORT. Macon superior court. November term, 1887.

DeVaughn foreclosed a mortgage upon certain personal property of Lytle, for $311.72 principal, $4.15 interest, and $31.58 attorneys' fees, with costs, and interest on the principal from December 16th, 1886. *Fi. fa.* issuing upon the foreclosure was levied on the property December 18th, 1886. Lytle filed an affidavit of illegality upon various grounds. He also gave a replevy bond for the sum of $633.44.

The condition stated was:

"Now should the said W. W. Lytle return the said property levied upon when called for by the said levying officer, M. B. Gilmore, sheriff, as aforesaid, at the time and place of sale in the event said illegality shall be dismissed by the court or withdrawn, then this bond to be void."

When the issue made by the illegality was called for trial, plaintiff moved to dismiss the illegality: (1) Because the bond was not given in double the amount foreclosed for; (2) because it was not conditioned simply for the return of the property levied upon when called for by the levying officer.

The court announced that the motion was sustained, but before any entry thereof was made, defendant moved for leave to amend the bond so as to make it comply with the statute, which amendment he was ready and prepared to make. This amendment was refused and an order granted dismissing the illegality; to which action of the court, in both particulars, Lytle excepted.

W. H. FISH and J. W. HAYGOOD, for plaintiff in error.

F. T. SNEAD and J. M. DuPREE, by N. J. & T. A. HAMMOND, contra.

BLECKLEY, Chief Justice.

1. The bond required by statute, (code, §3976,) in order to entitle the mortgagor to a hearing on his affidavit of illegality, was in a larger penalty and with a somewhat different condition from that expressed in the bond which was given in this case. But the offer to amend in both respects, which was made pending the proceeding in the court below, ought to have been allowed. By the code, §3504, " an appeal bond and all other bonds taken under requisition of law in the course of a judicial proceeding, may be amended, and new security

given if necessary." The bond in question, being one taken under requisition of law, in the course of a judicial proceeding, to wit, the interposition, acceptance and return of an affidavit of illegality, and the investigation consequent thereupon, is within the designation, "other bonds," just quoted, and consequently its amendment is expressly authorized. True it is that the bond given was so defective that the officer should not have accepted it nor returned the papers to the court, but on the contrary should have proceeded to sell the property which he had seized by virtue of the mortgage *fi. fa.* *Brantley vs.* *Baker,* 75 *Ga.* 676. But as he did accept the bond, and return the papers to court for trial, there was in fact a judicial proceeding in progress, and when that is so, the bond, however defective, is amendable. The code does not contemplate the amendment of only slight defect, but of all defects in bonds of this class. In *Brantley vs.* *Baker* the illegality was dismissed, and that was affirmed, but the right to amend was not considered, there being, so far as appears, no offer to amend. Here the offer to amend and the refusal to allow it constitute the whole case.

2. But it is said the offer was too late. We think it was in time, for although the court had announced orally that the motion of the opposite party to dismiss the illegality was granted, no order of dismissal had been entered, or so far as appears signed, or even drawn up. The record indicates, or affords ground for inferring, that the offer was instant and immediate upon the oral announcement made by the court of its decision. That announcement, the court being one of record, did not terminate the case; it remained pending in court to await the preparation and entry of the final order or judgment. By analogy to the rule for amending pleadings, (code, §3470,) the bond was amendable "at any stage

of the cause," and when the offer was made to amend, the cause was in a stage, though certainly the last stage of its existence. It was about to expire but was not dead. Another analogy to the rule for pleadings (§3482) would have authorized the court to impose terms of granting leave to amend when applied for so late. In denying leave altogether, and in dismissing the case in face of the application or offer to amend, we think the court erred.

Judgment reversed.