## FOUNTAIN *et al. v.* NAPIER BROTHERS.

1. A writ of error will not be dismissed upon the ground that the trial judge caused the clerk to alter a marginal note entered by the former upon a motion for a new trial, when the alleged alteration was not of a character to affect the merits of the case here.

2. The mere fact that the sheriff officially attested such a bond as that prescribed in section 2766 of the Civil Code would not make the same a binding contract upon the parties whose names were thereto signed. His acceptance of it would be essential to giving it this effect.

3. The charge complained of was, at least, susceptible of a construction contrary to what is above laid down, and was calculated to mislead the jury. For this reason, and in view of the evidence in the record, the verdict in the plaintiffs' favor should have been set aside.

Argued October 13, — Decided November 7, 1899.

Action on bond. Before Judge Seabrook. Wilkinson superior court. April term, 1899.

*J. W. Lindsey*, for plaintiffs in error.
*George S. Jones*, contra.

Cobb, J. One of the grounds of the motion for a new trial contained an assignment of error upon a lengthy extract from the judge's charge. In the record transmitted to this court it appears that the judge added to this ground the following note: "This is not the complete charge given in this case, but covers, I think, all that I said upon the point excepted to." When the case was called in this court a motion was made to dismiss the writ of error, upon the ground that, at the time the motion for a new trial was heard and decided, the note appended to the ground in question was in the following words: "The charge, or portion of the charge set forth herein, is correctly set forth so far as it goes, but it by no means gives the charge full and complete. A great deal of it has been omitted;" and that after the bill of exceptions was certified the clerk of the superior court, under the direction of the judge, erased the note last referred to and substituted the one contained in the record. After a judge of the superior court has overruled a motion for a new trial and certified a bill of exceptions assigning error on that decision, he has no power to change in any way any part of the record in the case; but, under the view we have taken

of the present case, the alleged alteration was not of a character to affect the merits of the case, and would therefore be no ground for dismissing the writ of error, or of refusing to consider the ground of the motion which is alleged to have been altered, even if the facts relied on in the motion were made to appear to this court in the proper way, that is, by a certified copy of the motion for a new trial, as it was before the alleged alteration, transmitted by the clerk of the superior court to this court under an order issued under the authority of the act of 1892. Civil Code, § 5536, par. 4.

The suit was on a forthcoming bond apparently complying in terms with the provisions of section 2766 of the Civil Code. The defense was, that although the bond was signed and attested as required by law, the same was never accepted by the sheriff as a forthcoming bond in the case therein referred to, and that therefore there was no liability on the part of the defendants for the failure to comply with the terms thereof. In order to make such a bond a binding contract between the parties and to render the person signing the bond as an obligor liable thereon, it is essential, not only that the bond should be signed by the obligors, but that the same should be accepted by the levying officer as a forthcoming bond; and the mere fact that the levying officer officially attested the bond would not be conclusive evidence that he had accepted it. There being in the present case evidence from which the jury might have inferred that the bond was never accepted by the sheriff, as well as evidence from which it might be inferred that it had been so accepted, and the charge complained of, whether dealt with in the light of the note by the judge which it is claimed was in the motion for a new trial at the time the bill of exceptions was signed, or in the light of the note in the transcript transmitted to this court, being susceptible of a construction contrary to what is above ruled, and therefore calculated to mislead the jury on the controlling issue in the case, a new trial ought to have been granted.

*Judgment reversed. All the Justices concurring.*