## 1483.  GELDERS v. MATHEWS.

A replevy bond, given on filing an affidavit of illegality, by the defendant in a mortgage fi. fa. issued to subject personal ·property, contained conditions varying from those prescribed by the statute, to wit: the bond was conditioned for the delivery of the property at the time and' place of sale, and was made payable to the levying officer, when, according to the statute, it should have been conditioned for the return of the property when called for by the levying officer, and should have been made payable to the plaintiff in fi. fa. *Held*, that the bond was amendable in both respects, before final judgment, so as to make it conform to the requirements of the statute.

Certiorari, from Ben Hill superior court—Judge Whipple.  October 20, 1908.

Submitted December 11, 1908.—Decided May 4, 1909.

*Ryman & Wall*, for plaintiff in error.  *E. Wall*, contra.

HILL, C. J.  This was an affidavit of illegality to the levy of a mortgage fi. fa. upon personal property.  The bond filed with the affidavit varied from the replevy bond required in such cases by §2766 of the Civil Code, in the following particulars:  First, the condition of the bond was for the delivery of the property levied upon "at the time and place of sale" instead of "for the return of the property when called for by the levying officer." Second, the levying officer was made the obligee in the bond instead of the plaintiff in fi. fa.  Because of the variance in the above particulars a motion was made to dismiss the affidavit of illegality.  To meet this motion the affiant offered to amend the bond so as to make it conform, in the particulars mentioned, to the terms of the statute.  The court refused to allow the amendment, and dismissed the affidavit of illegality.

1.  While the terms and conditions of the bond in the particulars mentioned are not in accordance with the requirements of the statute in such cases, these defects were clearly amendable, as the motion to amend was offered before there was any judgment on the motion to dismiss the illegality.  The Supreme Court, construing §3505 of the Code of 1882, now §5123 of the Civil Code, distinctly holds that a bond given on filing an affidavit of illegality by the defendant in a mortgage fi. fa. issued to subject personal property falls under the terms of this section, and is amendable.  *Lytle* v. *DeVaughn*, 81 *Ga.* 226 (7 S. E. 281).

What is here held is certainly applicable to the variance from the statute in the condition of the bond first alluded to.

2. We think this holding is also applicable to the second variance mentioned. But even if the bond was not amendable by making a change as to the obligee therein mentioned, it was accepted by the levying officer and the papers returned into court. While, strictly speaking, it is in this respect a statutory bond, it is a good common-law bond, and suit could have been brought on it in the name of the sheriff for the use of plaintiff in fi. fa. *Wall* v. *Mount*, 121 *Ga*. 831 (49 S. E. 778); *Stroud* v. *Hancock*, 116 *Ga*. 332 (42 S. E. 496).

It is insisted by the plaintiff in error that the amendments in question could not properly have been made without the consent of the surety in the bond. We do not think this objection well founded. The defects indicated by the amendment in the terms of the bond in no wise affected the risk of the surety or increased his liability. Besides, the surety signed the bond with knowledge of the law that it was amendable in these respects under the statute, and the statute also provides that new security may be given after an amendment, if necessary.            *Judgment reversed.*