*W. T. Burkhalter,* for plaintiff.

---

### 5009.  Little Rock Furniture Co. v. Jones & Co. *et al.*

Hill, C. J.  1. A change of the nature or terms of a contract is called a novation.  Such novation, without the consent of the surety, discharges him.  Civil Code (1910), § 3543; *Bethune* v. *Dozier*, 10 *Ga.* 235.

2. This rule will not be altered by the fact that the change in the contract, which was made without the knowledge or consent of the surety, never-

theless inured to the benefit of the principal and the surety. If the change is made without the knowledge or consent of the surety, the surety's complete reply is non hæc in fœdera veni. *Hill* v. *O'Neal*, 101 *Ga*. 832 (28 S. E. 996).

3. The above-stated rule applies to guarantors as well as to sureties; and any material alteration in the original contract, without the knowledge or consent of the guarantor thereof, would relieve him from the guaranty. *Johnson* v. *Brown*, 51 *Ga*. 498.

4. The Little Rock Furniture Company entered into a contract with Jones & Company, to furnish to them a certain number of cots and equipment to be used at the Confederate reunion in Macon on stipulated terms. The Georgia Life Insurance Company went on the bond of Jones & Company, to guarantee the performance of their part of the contract. Subsequently the original contract was changed in material parts, without the knowledge or consent of the guarantor. An action based on these contracts was brought by the Little Rock Furniture Company against Jones & Company and the insurance company, and the foregoing facts appeared from the allegations of the petition. *Held*, that a demurrer by the insurance company, setting up the novation and its consequent release, was properly sustained.

5. The trial judge having, on objection, excluded from the evidence all the testimony introduced by the plaintiff to sustain the allegations of the petition as laid, and this judgment not having been excepted to, the award of a nonsuit was proper. The correctness of the judgment excluding the evidence, where no objection or exception was filed to that judgment, could not be brought in question by an exception to the judgment awarding a nonsuit. This being the situation, this court must assume that the exclusion of the testimony was proper; and the exclusion of the testimony left the plaintiff where it could not legally recover.

*Judgment affirmed.*

DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Macon—Judge Hodges. April 1, 1913.

*John R. L. Smith, W. D. McNeil,* for plaintiff.
*Miller & Jones, Robert W. Barnes,* for defendants.