### 4744. BLACKBURN *et al.* v. MOREL.

### 4747. DONALDSON *et al.* v. MOREL.

RUSSELL, J. 1. This was an action against the principal and the sureties on the bond of a building contractor, conditioned that he would faithfully perform the stipulations of a building contract. It was testified by the plaintiff that the principal in the bond had not complied with the contract in certain material particulars, and that he made payments to the principal, from time to time, in excess of the amount authorized by the contract and prior to the times when they were due, and failed to require of him the affidavits provided for in the contract, in reference to work done and material furnished for the building. *Held:* This conduct on the part of the plaintiff tended to increase the risk of the sureties on the bond and operated to discharge them from all liability thereon. It follows that the verdict against the sureties was contrary to the evidence and should have been set aside.

2. The petition as amended was not subject to any of the demurrers filed thereto.

3. The verdict against the principal obligor in the bond was authorized by the evidence, and no error of law was committed which would require a reversal of the judgment overruling the motion for a new trial as to him.

4. Where a suit is brought against the principal and the sureties on a bond, and the plaintiff obtains verdict and judgment, and one writ of error is prosecuted to this court by all of the defendants, and another writ of error by the sureties only, the questions involved in both records being identical so far as the sureties are concerned, and the judgment against them is reversed, the second writ of error will be dismissed and the costs thereof assessed against the plaintiffs in error.

In case 4744, *judgment reversed in part and affirmed in part.*

In case 4747, *writ of error dismissed.*

DECIDED SEPTEMBER 23, 1913. REHEARING DENIED OCTOBER 3, 1913.

Action on bond; from city court of Statesboro—Judge Strange. January 24, 1913.

*R. Lee Moore, Hitch & Denmark,* for plaintiffs in error.

*White & Lovett,* contra.

ON MOTION FOR REHEARING.

RUSSELL, J. (a) The court did not overlook the fact that there was testimony to the effect that the amount of work done at the time of several of the payments referred to in the record may have exceeded in value the amount actually paid by the owner, but, in our opinion, the sureties were entitled, as a matter of law, to have the contract strictly construed, because the liability of a surety is stricti juris, and it is undisputed that the payments made by the owner were not made in conformity with the contract, in that it appears that payments in excess of those provided for by the contract had in each instance been made before the completion of specific portions of the building as provided in the contract. In other words, while it appears from the testimony that the payments made by the owner at a particular time were less than the value of the work done and the material furnished for the building as a whole, the particular portion of the building which, under the terms of the contract, should have been completed before any payment was made at all had not been so completed. The record shows, without dispute, that though at the time payment was made for the completion of the first story of the building, work had been done on a portion of the second story and up to the roof joists, still nothing had been done on the front end of the first story of the building, and, in fact, scarcely anything had been done on this portion of the building at the time the contractor abandoned the contract.

(b) For this reason, although there was an issue upon the point, it is immaterial whether the payments were in excess of the work done. There was no dispute that the payments were made in advance of the completion of the first story, according to the terms of the contract, and likewise in advance of the completion of the second story.

(c) As to the failure of the owner to require the statutory affidavit from the contractor, the mere fact that the affidavit was taken when the last payment was made was, not material. As stated above, the liability of a surety is stricti juris and can not be extended, and a surety is relieved by any act which tends to increase his risk; and whether in fact there is an increase of his risk or not, there is a breach of the contract. Nothing ruled in *Adams* v. *Haigler*, 2 *Ga. App.* 99 (58 S. E. 330), affects this proposition.

(d) The fact that there was testimony that at the time the

contractor suspended his work and abandoned the contract, instalments amounting to $2,500 would have been due if the work had proceeded in regular stages as provided by the contract, and that the payments amounted to a less sum than $2,500, does not affect the undisputed fact that the building was in a very different condition, so far as the liability of the sureties to complete it was concerned, at the time the contractor abandoned his work than it would have been if the contract had been complied with and if the work had proceeded as stipulated in the contract. The sureties, not having consented to this change of the contract, were entitled to claim a discharge, regardless of how it affected them, and even if the change had inured to their benefit.

(e)  The fact that the contract provided for change and alteration in the plans of the building has no bearing on the proposition to which we have referred, for there is a marked difference between a change as to the method and amount of the payments and a stipulation providing for changes in the structure to be erected. Nothing in the ruling in *Wyley* v. *Stanford*, 22 *Ga.* 385, or in *Ward* v. *McLamb*, 118 *Ga.* 811 (45 S. E. 688), which authorizes the discharge of a surety pro tanto, is in point. In fact, under the provisions of the code section, we do not see how such a judgment is possible. A surety is either liable or not, and if any act is done which increases or which tends to increase his risk he will be discharged.

The court fully considered the rulings in *Adams* v. *Haigler*, 123 *Ga.* 659 (51 S. E. 638), and in *Ætna Indemnity Co.* v. *Town of Comer*, 136 *Ga.* 24 (70 S. E. 676), and the motion for rehearing upon this point presents nothing new.    *Motion denied.*