### 6344.  HAYES v. SAVANNAH CHEMICAL COMPANY.

WADE, J.  1.  Where an affidavit of illegality is interposed by the mortgagor to the foreclosure of a mortgage on personal property, the defendant shall execute a replevy bond as provided by section 3301 of the Civil Code of 1910, "conditioned for the return of the property when called for by the levying officer." *Brantley* v. *Baker*, 75 *Ga.* 676; *Shannon* v. *Vincent*, 76 *Ga.* 837.  The bond required by section 3304 of the Civil Code is required where an interested party other than the mortgagor seeks to interpose an illegality, or where under section 3287 of the Civil Code the debtor has placed himself in some one of the positions in which process of attachment could legally issue against him, or where the defendant is disposing or seeking to dispose of the mortgage property and such disposal would lessen the security thereof, and is not required where an affidavit of illegality is interposed by the mortgagor to the foreclosure of a mortgage on personal property, and where the defendant has executed a replevy bond as provided for by section 3301 of the Civil Code of 1910.

2. The bond given in the instant case conformed to the requirements of section 3301, supra, and the trial judge erred in dismissing the affidavit of illegality for the reason that the bond did not contain also the conditions named in section 3304 of the Civil Code.

*Judgment reversed.*

DECIDED NOVEMBER 20, 1915.

Affidavit of illegality; from city court of Hazlehurst—Judge Grant.  January 25, 1915.

*Gordon Knox,* for plaintiff in error.

*Bennett & Swain,* contra.

---

### 6505.  MARTIN v. COOLEY.

RUSSELL, C. J.  The case was tried in a city court, and, after verdict for the plaintiff, it was taken by certiorari to the superior court.  In the petition for certiorari error is assigned upon the overruling of a demurrer to the plaintiff's petition, and upon the overruling of a motion for a new trial.  It does not appear wherein the court erred in overruling the demurrer, and since there was evidence amply supporting the verdict for the plaintiff, the judge of the superior court did not err in overruling the certiorari.          *Judgment affirmed.*

DECIDED NOVEMBER 20, 1915.

Certiorari; from Jackson superior court—Judge Brand.  February 11, 1915.

*A. C. Brown, T. J. Shackelford,* for plaintiff in error.

*Ray & Ray, W. M. Smith,* contra.