## 12370. PAULK et al. v. WILLIAMS, receiver.

STEPHENS, J.  1. It is permissible for a person whose signature appears upon a promissory note, ostensibly as a principal, to establish the fact that he signed and executed the note as a surety only, and so contracted with the payee of the note, and that the holder, when acquiring title to the note, had knowledge of such fact. *Trammell* v. *Swift Fertilizer Works*, 121 *Ga.* 778 (49 S. E. 739); *Hardy* v. *Boyer*, 7 *Ga. App.* 472 (67 S. E. 205); *Williams* v. *Peoples Bank*, 9 *Ga. App.* 714 (72 S. E. 177).

2. Any change in the terms of a contract by which a new and materially different contract is created constitutes a novation, and when made without the consent of the surety to the original contract, operates to discharge the latter. Civil Code (1910), § 3543. This is true even though such newly created contract is more favorable to the surety than the contract as originally executed. *Taylor* v. *Johnson*, 17 *Ga.* 521; *Bethune* v. *Dozier*, 10 *Ga.* 235, 239; *Little Rock Furniture Co.* v. *Jones*, 13 *Ga. App.* 502 (79 S. E. 375); 86 Am. St. Rep. 87, note.

3. Changing the date from which a promissory note draws interest by erasing the words " from date " and substituting therefor the words " from maturity " ·is a material alteration. Such alteration creates a new contract and constitutes a novation. *Coburn* v. *Webb*, 56 Ind. 96 (26 Am. Rep. 15, 17).

4. This being a suit by the receiver of a bank, the holder of a promissory note which had at some time, either before its execution as contended by the plaintiff, or afterwards as contended by the defendants, been altered by the plaintiff bank in the manner indicated in paragraph 3 above, and the evidence authorizing the inference that the original contract had been altered after its execution and a novation created, and that the defendants were sureties only on the contract as originally executed, and that such novation was created without their consent, thereby discharging them from their original obligation, a verdict for the defendants was authorized, and it was error to direct a verdict for the plaintiff.

5. Any party to a written contract, whether he be maker or surety, is released from all obligation thereunder when such instrument has, after his signing it, been materially altered without his consent by a person claiming a benefit under the contract, when such alteration is made with intent to defraud such other party. Civil Code (1910), §§ 4296-7.

6. The risk of the defendants under the contract as originally executed being in no way increased by such alteration, if made as contended by them, but their financial obligation being on the other hand decreased thereby, such alteration could not have operated to defraud them; and, it being contended by· the plaintiff that such alteration was a mere erasure for the purpose of perfecting a contemplated contract and was made before its execution, and that there was no material alteration or novation of the contract, and the undisputed evidence, offered by the defendants, in support of their contention that such alteration was made after its execution without their consent, being the evidence of the alleged principal to the note, who transferred the same by indorsement

to the plaintiff and obtained thereon the sum of $2,000, which was far below the face value of the note ($5,000), and who testified that such alteration was made by the president of the plaintiff bank after the execution of the note and for the purpose of reducing its face value so as to reduce the amount of discrepancy between the face value and the amount at which it was discounted, it can not be in any way inferred from the evidence that, if such alteration had been made as contended by the defendants. it was made with intent to defraud them or either of them, and therefore there was no evidence sustaining the defense that they were discharged by a material alteration in the contract, made without their consent after execution, by a party claiming a benefit under the contract, with intent to defraud them, as provided in the Civil Code (1910), § 4296.

7. The defendants cannot relieve themselves from any liability as sureties upon the note upon the ground that they were, when executing it, willing to become sureties for the alleged principal in the sum of $5,000, the face value of the note, but were not willing to become sureties for him for the amount of $2,000, which was the entire amount the alleged principal obtained from the plaintiff bank.

8. The court erred in directing a verdict for the plaintiff and in thereafter overruling the defendants' motion for a new trial.

Judgment reversed. Jenkins, P. J., and Hill, J., concur.

Decided February 10, 1922.

Complaint; from Ben Hill superior court — Judge Gower. March 8, 1921.

*Eldridge Cutts, Wall & Grantham,* for plaintiffs in error.

*A. J. McDonald,* contra.