### 13068.   GLASS *v.* AUSTIN.

BLOODWORTH, J. 1. " The giving of a bond is a condition precedent to the return of the papers to court for trial, where an affidavit of illegality is tendered to the execution issued on the foreclosure of a chattel mortgage, and if the bond be not conditioned substantially as the statute requires, the papers ought not to be returned to court and the sale suspended." *Brantley* v. *Baker,* 75 *Ga.* 676 (1).

2. The statute provides that when such an affidavit of illegality is filed by the mortgagor, the bond shall be " conditioned for the return of the property when called for by the levying officer," and " shall be made payable to the plaintiff. Civil Code (1910), § 3301. These requirements are not met by a bond the condition of which is that should the defendant " well and truly deliver said property so levied upon at the time and place of sale, in the event said illegality shall be dismissed by the court or withdrawn, then this obligation to be void, else of full force and effect," and which is made payable to the sheriff of the county. *Brantley* v. *Baker,* supra. See, in this connection, *Hayes* v. *Savannah Chemical Co.,* 17 *Ga. App.* 376.

3. The trial judge did not err in refusing to allow the defendant to file a new bond after he had announced ready for trial; nor in sustaining the motion to dismiss the affidavit of illegality. This case differs from *Lytle* v. *DeVaughn,* 81 *Ga.* 226 (7 S. E. 281), and *Gelders* v. *Mathews,* 6 *Ga. App.* 144 (64 S. E. 576), cited and relied upon by plaintiff in error. In each of those cases the motion was to amend the bond given so as to make it conform to the terms of the statute. In this case " the defendant tendered a written amendment asking that he be allowed to amend his affidavit of illegality in said case by filing a new bond." The " new bond " had only one security, the old two, and it does not appear

that the "new bond" had been accepted by the levying officer. In *Fountain* v. *Napier*, 109 *Ga.* 226 (34 S. E. 351), in referring to a bond given under section 3301, supra, the Supreme Court said: "In order to make such a bond a binding contract between the parties and to render the person signing the bond as an obligor liable thereon, it is essential, not only that the bond should be signed by the obligors, but that the same should be accepted by the levying officer as a forthcoming bond."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 7, 1922.

Mortgage foreclosure; from city court of Miller county — Judge Geer. September 12, 1921.

*N. L. Stapleton,* for plaintiff in error. *P. D. Rich,* contra.