## 14810. DAWSON v. PLANTERS BANK.

1. The bond given by the defendant was an ordinary forthcoming bond, as provided for by section 6041 of the Civil Code of 1910, and not such a bond as required by section 3301 in case of an affidavit of illegality to a mortgage fi. fa.
2. As no bond was given as required by section 3301, supra, and no pauper affidavit was filed, the trial judge properly dismissed the affidavit of illegality.
3. The court did not err in refusing to allow the amendment to the affidavit of illegality.

DECIDED JANUARY 16, 1924.

Mortgage foreclosure; from Seminole superior court—Judge Custer. June 18, 1923.

The Planters Bank foreclosed a chattel mortgage given by Albert Dawson, and the usual execution issued and was levied on January 24, 1923. Thereupon Dawson, the defendant in execution, gave a forthcoming bond payable to the sheriff, conditioned to have the property at the time and place of sale, and dated January 24, 1923. Later (February 3, 1923) the defendant in execution made an affidavit of illegality, which was filed in office February 23, 1923, one month after the forthcoming bond was given. The record does not show that any bond was filed with the affidavit of illegality. The defendant in execution offered to amend his affidavit of illegality, and the court refused to allow the amendment. To this refusal the defendant in execution excepted. The plaintiff in execution demurred generally to the original affidavit of illegality and moved to dismiss it because the forthcoming bond given when the sheriff levied on the property did not conform to the statute requiring bonds in cases of affidavit of illegality to mortgage fi. fas. The defendant in execution offered to amend his forthcoming bond so as "to make it conform to the terms of the statute as pointed out by said demurrer." The court refused to allow the amendment, and granted the following order: "The within affidavit of illegality is hereby dismissed on motion of counsel for plaintiff, it appearing that replevy bond had not been filed by defendant in fi. fa. as required by law." To this order and to the refusal to allow the amendment of the affidavit of illegality and of the bond the defendant excepted.

*Jeff. A. Pope, Jesse Gainey,* for plaintiff in error.

*W. L. Bryan,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) 1. Under section 6041 of the Civil Code of 1910, any defendant in execution whose personal property has been levied upon "by virtue of any fi. fa. or other legal process from any court," whether he intends to contest the validity of the fi. fa. or process or the amount due thereon, has the right to give bond, acceptable to the levying officer, for the delivery of the property on the day of sale or at any other time agreed to by the levying officer. The purpose of such a bond is to enable the defendant to retain the possession of the property. It does not affect the rights of the plaintiff, "but shall relate to and have effect alone between the officer to whom it is given and the defendant in execution." Civil Code (1910), § 6042. The statute (§ 6040) provides that it shall be made payable to the levying officer. The bond given in this case was unquestionably a forthcoming bond given under section 6041 of the Civil Code. It was on a printed form marked "forthcoming bond," was in the usual and regular form of a forthcoming bond, was payable to the sheriff, was conditioned that the defendant in fi. fa. should have the property levied on at the time and place of sale, was given on the same day that the sheriff made the levy, and ten days before the affidavit of illegality was made and thirty days before it was filed. A bond such as is required in cases of affidavits of illegality to mortgage fi. fas. has a form and object different from the above.

2. Section 3300 of the Civil Code of 1910 provides that when an execution shall issue upon the foreclosure of a mortgage on personal property, the mortgagor may file an affidavit of illegality thereto, and section 3301 provides that when such an affidavit of illegality is filed the mortgagor shall give bond "conditioned for the return of the property when called for by the levying officer, which bond shall be made payable to the plaintiff." The purpose of this bond is to postpone the sale of the property, and, when returned with "all the proceedings and papers in the case to the court from which the execution issued," to carry the case into court, "where the issue shall be tried as other cases of illegality." The giving of this bond at the time of filing the affidavit of illegality is a condition precedent to the return of the papers into court. An affidavit unaccompanied by such a bond is not a compliance with the statute, and should be dismissed. *Glass* v. *Austin,* 28 *Ga. App.* 311 (111 S. E. 84). This case differs from that of

*Lytle* v. *DeVaughn,* 81 *Ga.* 226 (7 S. E. 281), and *Gelders* v.
*Mathews,* 6 *Ga. App.* 144 (64 S. E. 576), in that in each of those
cases the only bond given was "given on filing an affidavit of
illegality." In those cases there was an attempt at the time of
filing the affidavit of illegality to comply with the statute by giving
a bond, but the bond given was irregular and subject to amend-
ment. In this case there was no attempt to give an "illegality"
bond. The case presented here is quite different from those where
an amendment of an irregular bond given at the time of filing the
affidavit of illegality was allowed. In addition to the above, the
copy of the forthcoming bond, as it appears in the record, is not
attested and was not accepted by the levying officer; and before
such a bond would be a binding contract upon the parties whose
names were signed thereto the acceptance of the bond by the
levying officer would be essential. *Fountain* v. *Napier,* 109 *Ga.* 225
(2), 226 (34 S. E. 351). See also *Glass* v. *Austin,* supra.

3. As no bond was given as provided by section 3301 of the
Civil Code of 1910, the "proceedings and papers" were improperly
returned to the court, and there was no affidavit or bond in court
which could be legally amended. The forthcoming bond given on
the day of the levy and sometime before the execution and filing
of the affidavit of illegality was not a "part and parcel" thereof.
Under the above rulings the court did not err in refusing to allow
the amendment to the affidavit of illegality. See *Brantley* v.
*Baker,* 75 *Ga.* 676 (1); *Glass* v. *Austin,* supra; *Kinney* v. *Avery,*
14 *Ga. App.* 180 (1, 2) (80 S. E. 663); *Hayes* v. *Savannah*
*Chemical Co.,* 17 *Ga. App.* 376 (86 S. E. 1073).

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*