### 16492.    BRIDGES *v.* MELTON.

BELL, J.  1. Where an affidavit of illegality to the foreclosure of a mortgage on personalty was not accompanied either by a replevy bond or by an affidavit in forma pauperis as prescribed by the Civil Code, § 3301, the affidavit so interposed was a nullity.  *Brantley* v. *Baker,* 75 *Ga.* 676 (1); *Shannon* v. *Vincent,* 76 *Ga.* 837; *Glass* v. *Austin,* 28 *Ga. App.* 311 (111 S. E. 84); *Dawson* v. *Planters Bank,* 31 *Ga. App.* 530 (121 S. E. 242).

2. Rule 29 of the superior courts, as contained in the Civil Code (1910), § 6288, providing that no second affidavit of illegality shall be received for causes which existed and were known, or in the exercise of reasonable diligence might have been known, at the filing of the first, has no application where the first affidavit of illegality was void.  Since in the present case the so-called "first" affidavit was fatally defective because of the failure of the affiant to give bond or make affidavit as to his inability to do so, as required by statute, and was for that reason voluntarily dismissed by the defendant in fi. fa., it was not to be counted, and one subsequently filed was not to be classed as a second affidavit, under the rule of the court just stated.  Compare *Rogers* v. *Hoskins,* 15 *Ga.* 270 (2); *Crowley* v. *Freeman,* 9 *Ga. App.* 1 (1) (70 S. E. 349); *Jordan* v. *Jenkins,* 17 *Ga. App.* 58 (2 c) (86 S. E. 278). The rule might be otherwise if the parties had acted on the theory that the so-called first affidavit was valid and facts had arisen whereby the defendant should be estopped from asserting that it was void.

3. Applying the above rulings the court erred in dismissing the affidavit of illegality last filed.

  *Judgment reversed.    Jenkins, P. J., and Stephens, J., concur.*

    DECIDED OCTOBER 19, 1925.

Affidavit of illegality; from city court of Dawson—Judge Edwards.    April 14, 1925.

*W. H. Gurr, J. H. Fletcher,* for plaintiff in error.
*R. R. Jones,* contra.