18343.  LAW *v.* MULLIS, for use, etc.

The evidence as to the damages in this case was conflicting, and the court erred in directing a verdict for the plaintiff.

DECIDED NOVEMBER 15, 1927.

Complaint on bond; from city court of Eastman—Judge O. J. Franklin. June 2, 1927.

*D. D. Smith,* for plaintiff in error. *W. B. Smith,* contra.

LUKE, J. C. N. Mullis, for use of Standard Motors Finance Company, brought an action for damages in the sum of $339.58 and interest, against T. E. Law, as security on a forthcoming bond given in a proceeding to foreclose a mortgage on a certain automobile. The court directed a verdict for the full amount sued for, and the defendant excepted.

It appears from the brief of evidence that the forthcoming bond was *given* on April 30, 1924, and that *the automobile was surrendered to the sheriff three or four days before it was sold by him* on the first Tuesday in February, 1925, under the said foreclosure proceeding, for $83. The attorney for the plaintiff testified that when the automobile was released under the bond it was worth $400, but that when it was delivered to the sheriff to be sold it had deteriorated in value and brought only $57.77 net to his client. C. N. Mullis, the sheriff, testified, that the car was in pretty good condition when it was released under the bond,

Damages, 17 C. J. p. 1057, n. 56; p. 1058, n. 60.

and that it was in about the same condition when delivered to him to be sold; that frequently property fails to bring its value at sheriff's sale; that the plaintiff's attorney bought in the car and left it with him to sell for what it was bid in at, and that in a few days the witness sold the car for what it brought at sheriff's sale. T. E. Law testified, that both at the time it was surrendered to the sheriff to be sold and at the time of the sale three or four days later the automobile was worth between $350 and $400, and that it was of the same value when delivered to his principal under the forthcoming bond; and that when the plaintiff's attorney requested the witness to purchase the car on the sale day the witness told him he did not want it.

Section 6043 of the Civil Code (1910) reads as follows: "Whenever personal property is levied upon under any judicial process from the courts of this State, and a forthcoming bond is given for the same, the measure of damages to be recovered upon such bond shall be the value of the property at the time of its delivery under the bond, with interest thereon; and if the property shall deteriorate in value, by reason of being used by the person giving the bond, or otherwise, and shall then be delivered up to the officer making the seizure, such officer or the plaintiff may recover on the bond *the difference between the value at the time of the delivery of the property under the bond and its value when turned over to the officer making the levy, with interest thereon* [italics ours]. The amount of damages shall in no case exceed the amount due on the execution levied." We find no support, either in law or in logic, for the contention that the plaintiff in error is irrevocably bound by the price for which the automobile was sold at sheriff's sale. Why the evidence that the automobile had not deteriorated in value and was worth from $350 to $400 both when delivered to the sheriff to be sold and when sold by him should not be considered at all we are unable to see. Clearly, under the evidence, it was the jury's duty, and not the court's, to fix the damages. The direction of a verdict was error.

The fact that the forthcoming bond was conditioned to "deliver the property at the time and place of sale," and bound the principal and security "unto C. N. Mullis, sheriff," is not for consideration under the record. In this connection see *Glass* v. *Austin*, 28 *Ga. App.* 311 (2) (111 S. E. 84).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*