18756. CLAY *et al.* v. DOBBS, administratrix.

STEPHENS, J. 1. A petition brought in the name of L. B. Carnes for the use of Mrs. Ida Dobbs as administratrix, etc., in a suit upon a promissory note payable to L. B. Carnes, is amendable by striking therefrom the name of L. B. Carnes and "allowing the case to proceed in the name of Mrs. Ida Dobbs as administratrix," etc., where it appears, from the allegations in the amendment offered, that, by reason of a transfer and indorsement of the note by L. B. Carnes to the intestate in the latter's lifetime, the legal title to the note was in the intestate, and that Mrs. Ida Dobbs as administratrix of the estate of the intestate has the legal right to maintain the suit. It is immaterial that in the amendment offered L. B. Carnes is erroneously described as the "usee." L. B. Carnes, although erroneously described as "usee," is nevertheless, by the amendment, stricken from the suit. *Wilson* v. *First Presbyterian Church*, 56 *Ga.* 554; *Woodbridge* v. *Drought*, 118 *Ga.* 671 (45 S. E. 266).

2. The suit having been amended so as to proceed in the name of the administratrix, and the only defense made by the defendants being that the note had been paid to L. B. Carnes, the payee, while he was the holder of the legal title thereto and entitled to receive payment, which payment was made without any notice to the defendants that at the time the plaintiff's intestate, to whom the note had been transferred as collateral security for a debt, without indorsement, had possession of the note, with an equitable title thereto, and the evidence presenting an

issue of fact as to whether, at the time the note was transferred and delivered by Carnes to the plaintiff's intestate, the note was indorsed by Carnes, and therefore an issue of fact as to whether at the time of payment to Carnes he or the plaintiff's intestate held legal title to the note, the jury was authorized to find that at the time of payment the plaintiff's intestate held the legal title to the note and that the payment to Carnes did not discharge the defendant's liability on the note. The verdict for the plaintiff was therefore authorized.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 16, 1928.

*William Attaway, H. B. Moss,* for plaintiffs in error.
*Mozley & Gann,* contra.