22860. SMITH *et al.* *v.* GEORGIA BATTERY COMPANY.

SUTTON, J. 1. Where, in a suit by an obligee in a bond against the principal and the surety therein, the principal denied liability and contended that certain goods entrusted to his care by the obligee and covered by the bond were damaged by a rainstorm, and not through any breach of the bond by him, and the surety contended that there had been a change in the terms of the bond after he had signed the same, which was made without his knowledge or consent, and that he was therefore discharged from liability thereunder, and on the trial introduced evidence in support of this contention, and where there was no contention by either the principal or the surety that there was a material intentional alteration in the bond, made by the obligee with the intent to defraud them, it was error for the court to charge the jury the provisions of section 4296 of the Civil Code of 1910. Under the issues made by the pleadings and the evidence in the case, the provisions of that section were not applicable.

2. In such a case, the court erroneously refused a timely written request to charge the jury that the surety "contends that the bond upon which this suit is based has been changed, without his knowledge or consent, since he signed it. I charge you that any change or novation in the bond made after this defendant signed it, without his knowledge or consent, would discharge him from liability on it. If you find from all the facts and circumstances in this case that such a change as he contends was made in the bond after he signed it, and that it was made without his knowledge and consent, it would be your duty to find in favor of the 'surety,' that is you could not find him liable in any amount on said bond." Civil Code (1910), § 3543; *Little Rock Furniture Co.* v. *Jones,* 13 *Ga. App.* 502 (79 S. E. 375); *Fairmont Creamery Co.* v. *Collier,* 21 *Ga. App.* 87 (94 S. E. 56); *Paulk* v. *Williams,* 28 *Ga. App.* 183 (110 S. E. 632).

3. To add to a bond given by a salesman to his employer, by the terms of which the salesman was to be responsible for certain merchandise placed in his hands for sale by his employer, and conditioned that the principal should well and truly discharge the duties of his position and well and truly account for all the merchandise entrusted to him, a condition to the effect that the obligee would not be responsible for any loss of merchandise consigned in case of fire, theft, or otherwise, that a report of sales and return of funds to cover the cost of the merchandise be made

each week and a total inventory be made once a month, and that all sales made from consigned stock be for cash, was to change the terms of the original bond, and where such a change was made without the knowledge or consent of the surety on the bond and after he had signed the same, the surety would be discharged from liability, under the provisions of section 3543 of the Civil Code.

4. It has been held that a surety who has not consented to a change in the bond is entitled to claim a discharge regardless of how the change affected him, and even if the change had inured to his benefit. *Little Rock Furniture Co.* v. *Jones*, supra; *Blackburn* v. *Morel*, 13 *Ga. App.* 516, 518 (79 S. E. 492) ; *Paulk* v. *Williams*, supra.

5. In view of the contention of the surety that the terms of the bond sued on had been changed without his knowledge or consent, after he signed it, which contention was supported by some evidence, the court should have given in charge to the jury, even without a request, the principle of law embraced in section 3543 of the Civil Code, to the effect that a change in the nature or terms of a contract is called a novation, and such a novation, without the consent of the surety, discharges him from liability. *Haigler* v. *Adams*, 5 *Ga. App.* 637 (3) (63 S. E. 715).

6. As we grant a new trial, the sufficiency of the evidence to support the verdict is not passed upon.

   *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

      Decided May 13, 1933.

*J. C. Newsom, A. R. Wright,* for plaintiffs in error.
*E. W. Jordan,* contra.