26078. J. S. COWART & SON INCORPORATED *v.* COOK.

718

*Lowery Stone, J. M. Cowart,* for plaintiff in error.

*A. H. Gray,* contra.

Sutton, J. J. S. Cowart & Son Incorporated brought suit against Mrs. Willie Mae Taliaferro and C. L. Cook, and alleged that "On December 1st, 1930, defendant, Mrs. Willie Mae Taliaferro, desiring to take possession of certain personal property levied on by the sheriff of said county by virtue of a mortgage fi. fa. in favor of petitioner (who was designated therein merely as 'J. S. Cowart & Son' without any further words showing J. S. Cowart & Son to be a corporation) against her, issued from this court on November 28th, 1930, delivered to said sheriff on December 1st, 1930, her affidavit of illegality, together with a bond for the return of the property so levied on when called for by the levying officer;" that the bond was signed by Mrs. Taliaferro as principal and by C. L. Cook as security, being payable to J. S. Cowart & Son, and was approved and accepted by the sheriff, who turned the property described in the levy and the bond over to Mrs. Taliaferro; that on the trial of the issue made by the affidavit of illegality the mortgage fi. fa. was amended by adding the word "Incorporated." after the words "J. S. Cowart & Son" where the same appeared therein, and that during the same trial, but on motion of Mrs. Taliaferro, the affidavit of illegality and bond were amended in like manner by adding the word "Incorporated" after the words "J..S. Cowart & Son," wherever the same appeared therein; that such case was terminated in favor of the plaintiff and the property was duly advertised for sale, but was not produced or returned to the levying officer by the defendants as required by the replevy bond; and the present suit is for the alleged value of said property. C. L. Cook filed a motion to dismiss the plaintiff's petition as to him, on the ground that the bond sued on was payable to "J. S. Cowart & Son," while the petition was brought in the name of "J. S. Cowart & Son Incorporated," without any right being shown so to bring the action, the name of the

obligee in the bond not importing a corporate entity. The court sustained this motion, and the exception is to that judgment.

It will be seen from the allegations of the plaintiff's petition that when the mortgage fi. fa. was amended on motion of the plaintiff therein, the affidavit of illegality and the replevy bond were then amended at the instance of Mrs. Taliaferro by adding "Incorporated" after the name "J. S. Cowart & Son" wherever the same appeared therein. This was done on the trial of the illegality proceeding without objection from any of the parties, so far as is disclosed by the petition, and was permissible under the Code, § 81-1204, which provides that all bonds taken under requisition of law in the course of a judicial proceeding may be amended and new security given if necessary. It was held by the Supreme Court in *Lytle* v. *DeVaughn,* 81 *Ga.* 226 (7 S. E. 281) that a bond given on filing an affidavit of illegality by the defendant in a mortgage fi. fa., issued to subject personal property, falls under this statute and is amendable. In *Gelders* v. *Mathews,* 6 *Ga. App.* 144 (64 S. E. 576), where the replevy bond filed with an affidavit of illegality to the levy of a mortgage fi. fa. on personal property was conditioned for the delivery of the property at the time and place of the sale, and was made payable to the levying officer, when it should have been conditioned for the return of the property when called for by the levying officer, and should have been made payable to the plaintiff in fi. fa., it was held that the bond was amendable in both respects. It was said in that case: "It is insisted by the plaintiff in error that the amendments in question could not properly have been made without the consent of the surety in the bond. We do not think this objection well founded. The defects indicated by the amendment in the terms of the bond in no wise affected the risk of the surety or increased his liability. Besides, the surety signed the bond with knowledge of the law that it was amendable in these respects under the statute, and the statute also provides that new security may be given after an amendment, if necessary." See also *Georgia, Florida & Alabama Railway Co.* v. *Penn Tobacco Co.,* 9 *Ga. App.* 840 (72 S. E. 443); *Gittens* v. *Whelchel,* 12 *Ga. App.* 141 (76 S. E. 1051); *Decatur County Bank* v. *Thomason,* 31 *Ga. App.* 299 (120 S. E. 444). After the mortgage fi. fa. was amended, the plaintiff therein was J. S. Cowart & Son Incorporated. The

720

Code, § 67-803, provides that the replevy bond filed with an affidavit of illegality to a mortgage foreclosure on personal property shall be made payable to the plaintiff. It has been held that such a bond is amendable by changing the name of the obligee to make it conform to the statute, where the opposite party is not prejudiced thereby. *Sherman* v. *Morris,* 17 *Ga. App.* 446 (87 S. E. 709). And this may be done without the consent of the sureties where their obligations are not altered. *Carrollton Bank* v. *Glass,* 35 *Ga. App.* 89 (3) (132 S. E. 238). The bond sued on was a statutory bond, and the obligation of the surety was not altered or his risk increased by the alleged amendment thereof.

■ It appears from the allegations of the petition that the mortgage was made to J. S. Cowart & Son Incorporated, and that while the word "Incorporated" was omitted after the name J. S. Cowart & Son in the mortgage fi. fa., and in the affidavit of illegality and the replevy bond, this omission was supplied by amendment; the bond was given for the release of the property levied on, and was conditioned for the return of the property when called for by the levying officer, which condition has been breached by the defendants, and that J. S. Cowart & Son Incorporated and J. S. Cowart & Son were the same party. Therefore it was error for the court to dismiss the plaintiff's petition as to C. L. Cook, on his motion above referred to. The cases of *Little Rock Furniture Co.* v. *Jones,* 13 *Ga. App.* 502 (79 S. E. 375), *Blackburn* v. *Morel,* 13 *Ga. App.* 516 (79 S. E. 492), *Paulk* v. *Williams,* 28 *Ga. App.* 183 (110 S. E. 632), *Smith* v. *Georgia Battery Co.,* 46 *Ga. App.* 840 (169 S. E. 381), *Webb* v. *Pope,* 118 *Ga.* 627 (45 S. E. 478), and *Miller Company* v. *Anderson,* 118 *Ga.* 432 (45 S. E. 365), have not been overlooked, but they are distinguishable on their facts from the case at bar.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*