### 26997. COX *v.* TAYLOR.

DECIDED DECEMBER 20, 1938.

*Frank S. Twilly,* for plaintiff in error. *John T. Coyle,* contra.

BROYLES, C. J. This case involves a mortgage foreclosure on personal property in Colquitt County, and was brought in the city court of that county. The defendant filed an affidavit of illegality,

accompanied by a forthcoming bond, and a special plea to the jurisdiction of the court. Upon the trial the court refused to consider the special plea, disallowed the proffered amendment to the bond, and, upon motion, dismissed the affidavit of illegality. To all of said judgments the defendant excepted.

It appears from the transcript of the record that the plea to the jurisdiction and the affidavit of illegality were filed on the same day but that the affidavit was sworn to one day previous to the date of the verification of the plea. The first paragraph of the plea contains the following recital: "Now comes the defendant, B. H. Cox, *and subject to the affidavit of illegality heretofore filed,* files this his special plea to the jurisdiction of the city court of Colquitt County." (Italics ours.) "The defendant may simultaneously file demurrer, answer, dilatory pleas, and pleas to the merits without thereby waiving any of them. [Citing authorities.] But if the defendant pleads to the merits without protestation as to the jurisdiction, or without simultaneously pleading as to it, jurisdiction of the person is waived and a plea to the jurisdiction should not thereafter be considered. Civil Code, § 5080; *Bell* v. *New Orleans & N. E. R. Co.,* 2 *Ga. App.* 820 (59 S. E. 102)." *Cox* v. *Adams,* 5 *Ga. App.* 296 (2) (63 S. E. 60). Furthermore, where an affidavit of illegality to the foreclosure of a mortgage on personalty is not accompanied by an affidavit in forma pauperis, "the giving of a bond is a condition precedent to the return of the papers to court for trial, where an affidavit of illegality is tendered to the execution issued on the foreclosure of a chattel mortgage, and if the bond be not conditioned substantially as the statute requires, the papers ought not to be returned to court and the sale suspended. The condition of the bond prescribed by the statute is 'for the return of the property when called for by the levying officer.' This requirement is not met by a bond, the condition of which is that the defendant 'should return the property . . to the levying officer in case the issue formed on the affidavit of illegality . . should be found against' . . (the defendant); and an affidavit, accompanied by such a bond, was properly dismissed." *Brantley* v. *Baker,* 75 *Ga.* 676; Code § 67-803; *Bridges* v. *Melton,* 34 *Ga. App.* 480 (129 S. E. 913); *Glass* v. *Austin,* 28 *Ga. App.* 311 (111 S. E. 84); *Dawson* v. *Planters Bank,* 31 *Ga. App.* 530 (2) (121 S. E. 242).

In the instant case the condition of the bond was as follows: "Now should the property *or the amount derived therefrom* [italics ours] be forthcoming when called for by the levying officer, then this bond to be void; otherwise of full force and effect." It is apparent that the bond did not conform to the requirements of the statute. Under such a bond the defendant in fi. fa. would have the right to sell the property levied on for a sum much less than its value, and in case the issue raised by the affidavit of illegality were decided against him his liability and that of his sureties on the bond would be discharged upon the payment to the levying officer of such inadequate sum. The bond, of course, could have been amended to meet the requirements of the statute, but the amendment proffered contained the same condition that appeared in the original bond, and therefore if the amendment had been allowed the bond, as amended, would not have conformed to the statute and the affidavit of illegality should have been dismissed. The court did not err in refusing to pass on the plea to the jurisdiction, or in disallowing the proffered amendment to the bond, or in dismissing, on motion, the affidavit of illegality.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. The plaintiffs in the court below foreclosed their mortgage against the defendant, plaintiff in error here, in the sum of $418. Execution was issued thereon and the following entry appears upon said execution: "The property described in the within fi. fa. was sold under and by virtue of a distress warrant against B. H. & W. G. Cox in favor of G. C. McKenzie, agent vs. B. H. & G. C. Cox, and after paying off said distress warrant and the costs of court thereon there was left in my hands the sum of $117.95 which is held subject to the within mortgage fi. fa., there having been no affidavit of illegality filed with me and no bond filed with me as required by law to arrest said mortgage fi. fa. T. V. Beard, sheriff." This entry of the sheriff was not dated. The mortgagor filed an affidavit of illegality to this foreclosure alleging that he was not a resident of the county where the mortgage was foreclosed, together with other grounds of attack. He gave bond therewith conditioned, "should the property or the amount derived therefrom be forthcoming when called for by the levying officer, then this bond to be void; otherwise of full force and effect."

The bond recited that the property had been sold, now being in the form of $150 in cash in the hands of the sheriff of Colquitt County.

The language of the bond "be forthcoming when called for by the levying officer," is in the language of the Code, § 67-803. The return of the officer and the bond itself show that the money was being held in lieu of the property because the property had been sold before the illegality or bond was filed. The officer surrendered the money to the defendant in fi. fa. in place of the property. The language of the bond: "Now, should the property, *or the amount derived therefrom be forthcoming*" (which was the proceeds of the property at a sheriff's sale), is in the language of the statute and in accordance with the facts as shown by the record. It is apparent from the record that the property in this case was not levied on and sold under the mortgage foreclosure, but was sold by virtue of a distress warrant; and that the surplus, after paying the distress warrant, was retained by the sheriff subject to the fi. fa. "Property mortgaged may be sold under other process, subject to the lien of the mortgage. If the mortgage shall be foreclosed, the mortgagee may place his execution in the hands of the officer of the law making the sale, and cause the title unincumbered to be sold, and claim the proceeds according to the date of his lien." Code, § 67-118. The mortgage of Taylor Brothers could not claim this money of the sheriff unless it had been foreclosed in the county of the residence of the defendant. *Rich* v. *Colquitt*, 65 *Ga.* 113. In a money rule a mortgage can not claim the money if it has not been foreclosed. I am of the opinion that the bond in this case was in compliance with the statute, that the affidavit of illegality set up a valid defense, if it be sustained by evidence, and that the court erred in dismissing the illegality.