614

27275. GENERAL MOTORS ACCEPTANCE CORPORA-
TION, for use, *v.* ALLEN.

DECIDED MARCH 4, 1939.

*T. H. Crawford, John S. Wood,* for plaintiff in error.
*William Butt, George D. Anderson,* contra.

STEPHENS, P. J.   1.   An affidavit as the basis of a claim for personal property, as provided in the Code, § 39-801, is amendable to the same extent as ordinary petitions.   Code, § 81-1203.   Such affidavit may be made by the person claiming title to the property, or by his agent.   Code, § 39-801.   A member of a partnership is an agent of the partnership and as such is authorized to execute the claim affidavit in behalf of the partnership.

2.   Where personal property, such as a motor truck, was levied on under a mortgage execution in favor of Glenn Allen as the plaintiff, against W. S. Callihan, as the defendant, and in the claim affidavit the property was alleged to be that of "General Motors Acceptance Corporation for use of Dickey and Anderson, a partnership composed of H. C. Dickey and George W. Dickey, claimant," the affidavit was amendable so as to recite that the property was the property of the partnership composed of Dickey and Anderson; and where the bond and security for the payment of damages as required under the Code, § 39-802, and the forthcoming bond required under § 39-804, of a claimant, were executed by Dickey and Anderson as principal, it was error for the court to refuse to allow the amendment and to dismiss the claim on the ground that the affidavit was not made by the claimant, General Motors Acceptance Corporation, or its agent or attorney, that the bond was not executed by the claimant, General Motors Acceptance Corporation, or by any one lawfully authorized to execute a bond for it, that the original party claimant was General Motors Acceptance Corporation, and not Dickey and Anderson, and that the amendment offered by Dickey and Anderson sought to make different and distinct parties to the case.   *Gee* v. *Hall,* 26 *Ga. App.* 709 (106 S. E. 816) ; *Clay* v. *Dobbs,* 38 *Ga. App.* 758 (145 S. E. 535).

3. No attestation or approval of the bond for damages, or the forthcoming bond required of a claimant by the Code, §§ 39-802, 39-804, is necessary other than acceptance of a properly-executed bond by the levying officer. *Fountain* v. *Napier,* 109 *Ga.* 225 (34 S. E. 351); Code, § 39-802. Where the levying officer has accepted the bonds and thereby postponed the sale of the property and delivered the property to the claimant, and the claim affidavit has been returned into court, it is no ground for dismissal of the claim that the bonds do not appear to have been approved or attested by the levying officer, or by any one else. In *Glass* v. *Austin,* 28 *Ga. App.* 311 (111 S. E. 84), and *Dawson* v. *Planters Bank,* 31 *Ga. App.* 530 (121 S. E. 242), the bond had not been filed with the affidavit of illegality as required by law. It was not held in those cases that it was essential to the validity of the bond that it appear on its face that it was attested or approved by the levying officer.

4. The court erred in disallowing the amendment and in dismissing the claim.

*Judgment reversed. Sutton and Felton, JJ., concur.*