39247.   REEVES v. REEVES.

DECIDED JANUARY 26, 1962—REHEARING DENIED
FEBRUARY 12, 1962.

334

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Cecil D. Franklin,* contra.

FELTON, Chief Judge. 1. The contention of the plaintiff in error that the court should have first passed upon the defendant's demurrers and motion to dismiss the dispossessory warrant proceedings under *Code Ann.* § 81-1002 is without merit. In this kind of proceeding the court does not have jurisdiction in the absence of the filing of a valid counter-affidavit and bond as required by law, so that the court had first to determine its jurisdiction of the case before it could proceed to pass upon whatever attack was made by the defendant against the original proceedings. *Murphey v. McGough,* 105 Ga. 816 (31 SE 757).

2. We think that the court erred in dismissing the amendment

to the counter-affidavit and the counter-affidavit itself. *Code* § 81-1204 provides that: "All bonds taken under requisition of law in the course of a judicial proceeding may be amended and new security given if necessary." Under this Code Section the following bonds have been held to be amendable: (1) claim bond, *Gordon v. Commercial Auto Loan Corp.*, 85 Ga. App. 808, 810 (70 SE2d 406); (2) garnishment bond, *Janes v. Tomlinson*, 30 Ga. 540; *Cunningham v. Lamar*, 51 Ga. 574; *Carrollton Bank v. Glass*, 35 Ga. App. 89 (132 SE 238); (3) illegality bond, *Lytle v. DeVaughn*, 81 Ga. 226 (7 SE 281); (4) bond given by defendant in mortgage fi. fa., in connection with affidavit of illegality, *Miller Service, Inc. v. Miller*, 76 Ga. App. 143 (1) (45 SE2d 466); (5) replevy bond, *Gelders v. Mathews*, 6 Ga. App. 144 (64 SE 576); *Sherman v. Morris*, 17 Ga. App. 446 (1a) (87 SE 709); *J. S. Cowart & Son, Inc., v. Cook*, 55 Ga. App. 717 (191 SE 173). *Code* § 81-1205 provides that: "The mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, where by amendment justice may be promoted."

Under the circumstances of this case, as alleged in the amendment to the counter-affidavit, the original bond was amendable by the addition of the signature of the defendant as principal. The principal purpose of having a surety on a bond is to provide protection to the obligee. The original bond showed the approval of the surety by the constable and it seems to us that the substitution of a new bond by amendment is as efficacious as the addition of the name of the principal to the original bond. The case of *Fountain v. Napier Bros.*, 109 Ga. 225 (34 SE 351), does not require a different ruling for the reason that the bond involved was a forthcoming bond and if the original forthcoming bond was not accepted by the levying officer, there was no binding contract between the officers and the signers of the bond. In such a case there could be no amendment which would bind the parties if they were not bound by the execution of the original bond and an acceptance thereof. In this case, in view of the fact that the original bond was approved by the constable and that the substituted bond was signed by the same surety and the further fact that the case was in the superior court and

336

the handling of any part of the case was out of the hands of the constable, the court had the authority to allow the amendment and erred in not doing so. The ruling of this court leaves undisposed of in the trial court the questions arising out of the demurrers and the motions to dismiss the dispossesory-warrant proceeding itself. The court erred in dismissing the amendment to the counter-affidavit and in dismissing the counter-affidavit.

*Judgment reversed. Bell and Hall, JJ., concur.*