## 42257. FONG v. GENERAL MOTORS ACCEPTANCE CORPORATION.

BELL, Presiding Judge. General Motors Acceptance Corporation filed these proceedings against Donald Fong to foreclose a conditional sale contract in the manner provided by *Code* § 67-701. After the property had been levied upon, the defendant in execution filed an affidavit of illegality and obtained possession of the property by giving bond conditioned for "the eventual payment of the condemnation money." The levying officer returned the papers in the case to the court. When the case was called for trial, the court proceeded to an adjudication on the merits, and rendered judgment for plaintiff, overruling the illegality. Defendant took this appeal from the trial court's judgment dismissing his motion for new trial. *Held:*

In the foreclosure of a conditional sale contract the giving of a bond or an affidavit in forma pauperis in compliance with *Code* § 67-803 is a condition precedent to the return of the papers to court for trial, and if a bond given is not conditioned substantially as the statute requires, the papers ought not to be returned to court, thus suspending the sale. *Brantley v. Baker,* 75 Ga. 676 (1); *Glass v. Austin,* 28 Ga. App. 311 (1) (111 SE 84); *Dawson v. Planters' Bank,* 31 Ga. App. 530, 531 (121 SE 242); *Cox v. Taylor,* 59 Ga. App. 326, 327 (200 SE 540). An affidavit of illegality which is not accompanied by a replevy bond or affidavit as prescribed by the Code is a mere nullity. *Bridges v. Melton,* 34 Ga. App. 480 (1) (129 SE 913). The bond required by *Code* § 67-803 is

a bond conditioned for "the return of the property when called for by the levying officer." The bond here, being conditioned for "the eventual payment of the condemnation money," did not meet the requirement of the statute. The illegality was therefore not properly before the court, there was no case to try, and the court, not having jurisdiction of the subject matter of this litigation, could not proceed to an adjudication on the merits. The court should have dismissed the illegality with direction that the execution proceed and that the property be held to satisfy the fi. fa. The grounds of error enumerated by defendant are moot.

*Judgment reversed and the case remanded to the trial court for further action consistent with this opinion. Jordan and Eberhardt, JJ., concur.*

ARGUED SEPTEMBER 6, 1966—DECIDED NOVEMBER 14, 1966.

*Beryl H. Weiner, Roy J. Leite, Jr.,* for appellant.
*A. Mims Wilkinson, Jr.,* for appellee.