## Drawdy *vs.* Littlefield.

1. Where counsel for both parties agreed upon an attorney to preside as judge *pro hac vice* in place of the regular judge of the circuit, who was disqualified from presiding, a judgment rendered by such judge *pro hac vice* was constitutional, although rendered prior to the constitution of 1877.

2. That the *fi. fa.* issued on such a judgment bore test in the name of the regular judge of the circuit, does not make it invalid, although such judge did not preside when the judgment was rendered, being disqualified from so doing. The use of his name in this merely formal attestation does not annul the process.

(*a.*) Nor will the fact that the regular judge presided when it appeared that the first *fi. fa.* issued did not conform to the jugment, and authorized a second *fi. fa.* to issue for that purpose, render it invalid.

3. The *fi. fa.* need not name the term at which the judgment on which it rests was rendered. It is sufficient if it declares that it was lately rendered in court and is for a stated amount of principal, a stated amount of interest, up to a certain date, and also interest, or together with interest, from that date. If the execution follows the judgment, that is enough.

4. A suit was brought against a firm, one of whom lived in the county where the suit was brought and the other in a different county. The court papers were lost and re-established; but no second original appears to have been so re-established. By agreement of counsel for the firm, a judge *pro hac vice* was appointed and rendered a judgment, which was against both members. Some fifteen years thereafter, a levy of the *fi. fa.* issued under the judgment was made on the property of the resident partner, as to whom service appeared on the papers, and his wife interposed a claim:

*Held*, that the facts were sufficient to authorize a conclusion that both members of the firm were served, and a dismissal of the levy for want of service was error.

5. Although the levy in this case does not state that it was made on property as the property of one of the two defendants in *fi. fa.*, yet where the claimant so recognized it in the claim affidavit, this was a solemn admission *in judicio* under oath, and estops the claimant from denying that it was levied on as the property of such defendant.

January 26, 1886.

Practice in Superior Court. Judge. Executions. Constitutional Law. Service. Partnership. Claims. Estoppel. Admissions. Before Judge Mershon. Wayne Superior Court. March Term, 1885.

A *fi. fa.* in favor of Eliza Drawdy against T. P. Little-field & Brother was levied on certain property, without stating in the entry of levy whose property it was, and L. H. Littlefield interposed a claim, in which it was alleged that the property was levied on as belonging to T. P. Lit-tlefield. On the trial, when the plaintiff introduced the *fi. fa.*, with the entries thereon, it was objected to on the following grounds :

(1.) Because the judgment on which it was based was rendered prior to 1877 by a judge *pro hac vice*, and was unconstitutional. [It appears from the record that counsel for the plaintiffs and defendants agreed on a member of the bar to preside in place of the judge, who was disqualified.]

(2.) Because the *fi. fa.* did not follow the judgment, in that it bore test in the name of the regular presiding judge, and not of the judge *pro hac vice.*

(3.) Because the *fi. fa.* did not follow the judgment, in that it did not mention the term at which the judgment was rendered, but after stating the amount of principal and interest to a certain day, added, "which was lately rendered," etc.

(4.) Because there was no personal service as to T. P. Littlefield, and no entry of service at all appeared as to S. C. Littlefield, the other member of the firm. [The return appearing on the copy-declaration established in lieu of the lost original was that the officer had served T. P. Little-field on September 2, 1881. The other facts connected with this ground are stated in the third division of the decision.]

The presiding judge sustained the objection and dismissed the levy. The plaintiff excepted.

NICHOLLS & BRANTLY; SIMON W. HITCH, by PAT. CALHOUN; KING & SPALDING, for plaintiff in error.

FRANK H. HARRIS, for defendant.

JACKSON, Chief Justice.

Eliza Drawdy caused to be levied upon certain property an execution of hers against T. P. Littlefield & Bro. The property was claimed by Mrs. L. H. Littlefield. On the trial of the claim, the claimant moved to dismiss the levy. The motion was granted, and the plaintiff in execution excepted.

1. The judgment on which the execution was issued was rendered by a lawyer as judge *pro hac vice*, and this, it is first alleged, made the judgment void, and the execution which rested on it a nullity, because the appointment of such a judge *pro hac vice* was then unconstitutional, it being prior to the constitution of 1877. It was done by agreement of the parties, and was constitutional, as decided by this court, 39 *Ga.*, 361; 41 *Id.*, 268. Therefore, on this ground, it was error to dismiss the levy.

2. That the *fi. fa.* bore test in the name of the regular judge of the superior court does not make it invalid, though this judge did not preside when judgment was rendered, being disqualified from presiding. The use of his name in this merely formal attestation does not annul the process. When process was issued to bring in the parties defendant to answer on the trial, that process bore test in his name, too. Who would say that it vitiated that process? The clerk used both—neither was seen by the judge—and the act is a ministerial act of the clerk. So in regard to the objection that the judge presided when this *fi. fa.* was authorized to be issued to conform to the judgment, as the first did not. Though somewhat judicial, it was a mere formal correction of error in the clerk. The clerk himself might have done it without authority; certainly he can issue an alias *fi. fa.*, the first being lost. Code, §§3496, 3988. Even a justice of the peace might issue an alias in his court. See also §3632; 55 *Ga.*, 607; 60 *Id.*, 298.

3. The *fi. fa.* need not name the term of the judgment

on which it rests. It is perfectly good if it declare that it was lately rendered in court and is for so much principal, so much interest up to a certain date, and also interest, or together with interest, from that date. That date is the date of the judgment. It may be entered four days after adjournment, and thus in vacation and not in term. If the exception follow the judgment, that is enough., Code, §3636. This follows it, and is in the usual language of such a writ.

4. T. P. Littlefield was served. The levy is on property as his, not that of Littlefield & Bro. He lived in the county of Ware; his brother in another county. The court papers were lost and re-established. It is reasonable that the second original, on which the brothers' service appears, was not re-established. The transaction transpired some fifteen or more years ago. By agreement of counsel of Littlefield & Bro., defendants, the *pro hac vice* judge was appointed; so both appeared by counsel, and instead of pleading assented to the judge and the judgment. The judge *pro hac vice*, so agreed upon by counsel on both sides, signed the judgment against both by name. We are clear that the lapse of time, the various trials at law and in equity, the agreement to try by the judge *pro hac vice*, the regular judge being agreed to be disqualified, the entering of judgment against both, the loss of papers, the establishment of these as they are, the impossibility of service appearing on the first original, the great probability that it would appear on the second original, the presumption that neither the counsel for plaintiff nor defendants would have consented to a judgment, nor the judge have rendered it, without service—all make a case that it is morally certain that both defendants were served. Certainly this one, whose individual property is levied upon as his own, and claimed by his wife, was served.

5. Though the levy itself does not say that it is made on property as property of T. P. Littlefield, the claimant so recognized it in her affidavit of claim, and this solemn

admission *in judicio*, under oath, too, estops her from denying that it was levied on as his property.

We are forced, therefore, as well by the rules of law as by the furtherance of the ends of justice, to uphold the validity of the judgment and execution, and to hold the dismissal of the levy, on any ground disclosed by the record, erroneous.

Judgment reversed.