BRANTLEY, trustee, *vs.* STEPHENS. | 77 467|
| 95 790|

Before a homestead can be levied on, the plaintiff, his agent or attorney, should swear that "there is no property except the homestead on which to levy," and that his "debt falls within some one of the classes (specifying which class) for which the homestead is bound under the constitution." Where the only evidence of the making of an affidavit prior to the levy was, that the sheriff's entry of levy stated that it was made "by reason of an affidavit of plaintiff's attorney that the homestead is subject," this was not sufficient; nor was this cured by the making of an affidavit after the levy and interposition of a claim, that, to the best of the knowledge and belief of plaintiff's attorney, the debt for which the execution issued "is one from which the homestead is not exempt." In such a case, claim was a proper remedy to contest the levy and sale of the homestead.

(*a.*) Whether, if a proper affidavit were filed before levy, the mode of contesting by filing a counter-affidavit is exclusive or only cumulative, is not determine

November 9, 1886.

Homestead. Practice in Superior Court. Claim. Before Judge CARSWELL. Washington Superior Court. March Term, 1886.

Reported in the decision.

J. A. ROBSON, for plaintiff in error.

J. C. HARMAN, for defendant.

HALL, Justice.

An execution was levied on property set apart to the defendant as a homestead and exemption, "by reason," as the sheriff states in the entry of his levy, which purports to have been made on the 6th day of April, 1885, "of an affidavit of plaintiff's attorney that the homestead is subject." The property was advertised for sale on the first Tuesday of November, 1885, when the defendant interposed her claim thereto as *quasi* trustee of her minor chil-

dren, who, with herself, were the homesteaders. This claim was dated 31st October, 1885, and was duly returned by the sheriff, together with the execution and the entries thereon ; along with these papers he also returned an affidavit, bearing date November 3d, 1885, made by plaintiff's attorney, in which he swears, to the best of his knowledge and belief, that the debt for which the execution issued "is one from which the homestead is not exempt." When the case was called for trial in the superior court, before any issue was tendered or joined, the plaintiff moved to dismiss the claim, as we gather from statements made in the argument here, rather than from what appears in the very general and unsatisfactory record sent up from the lower court, upon the ground that claim was not the proper remedy, but that the defendant in *fi. fa.*, and claimant here, should have filed a counter-affidavit to that made by the plaintiff to obtain the levy. This motion prevailed, and the claim was dismissed, and to the judgment dismissing it exception was taken.

We have no evidence, except what is contained in the sheriff's entry on the *fi. fa.*, that any affidavit was filed prior to the levy on the homestead, and if one was filed, what it contained; the recital in that entry is to the effect simply that the homestead is subject, under the law, to the execution. Before a homestead can be levied on, under the act of 1871, p. 43, code, §2028, the plaintiff, his agent or attorney, should swear that "there is no property except the homestead on which to levy," and that his "debt falls within some one of the classes (and, as we think, he should designate the class to which it belongs), "for which the homestead is bound under the constitution." Both the affidavit described in the sheriff's entry on the *fi. fa.*, and that filed subsequent to the interposition of the claim and returned to the court, are deficient in both of these material prerequisites to a levy. There is nothing in either affidavit, except the general conclusions of the affiant; no facts are given to authorize his conclusion, and

hence there is nothing on which issue could be taken by counter-affidavit. It is not necessary to decide, and we do not decide, whether a counter-affidavit to one properly filed by the plaintiff is the only remedy afforded to protect the homestead from sale, or whether this is cumulative of other remedies. We determine, however, that, under the circumstances of this case, it was proper to interpose the claim in order to prevent the sale, and that on the trial of the issue tendered or joined in that proceeding, the plaintiff may, if he can, show that the property assigned as a homestead falls within some one or more of the classes of the constitution binding it for the payment of his debt. We think there was error in dismissing the claim, and order the judgment reversed.