### 2242. MILLER *v.* MOROTOCK MANUFACTURING CO.

POWELL, J. On the call of the case the plaintiff in error failed to prosecute the writ of error. The defendant in error moved to open the record, and insisted on an affirmance of the judgment and an award of ten per cent. damages for delay, under Rule 22 of this court. The motion of the defendant in error is granted and the judgment is affirmed, with damages.                    *Judgment affirmed with damages.*

Complaint; from city court of Cordele—Judge Strozier. September 23, 1909.

Submitted December 21,—Decided December 24, 1909.

*J. T. Hill,* for defendant in error.

---

### 2272. PHARR *v.* ESTEY PIANO & ORGAN COMPANY.

POWELL, J. 1. Upon certiorari from a justice's court, in an ordinary action, where there has been no appeal to a jury, only controlling questions of law are involved, and the judge of the superior court has no power to sustain the certiorari, except as to some such question. *Toole* v. *Edmondson,* 104 *Ga.* 776, 783 (31 S. E. 25).

2. It is no sufficient ground to dismiss an attachment, or the levy thereof, that no bill of particulars is annexed to the original attachment papers. Civil Code of 1895, § 4529.

3. The attachment bond should, in other than the exceptional cases specially provided for by statute, be in double the amount claimed; but when the amount claimed was $40.70 and the penal sum named in the bond was $81, neither the attachment nor the levy thereof was subject to dismissal. If the maxim de minimis lex non curat is not applicable to such a case, it nevertheless falls within the purview of § 4528 of the Civil Code of 1895, which provides that a substantial compliance shall be sufficient in applications for attachment.

4. A claimant is estopped from raising the point that the levy does not state that the property was levied on as the property of the defendant, when the claim affidavit and bond expressly recite that it was so levied on. *Drawdy* v. *Littlefield,* 75 *Ga.* 215 (5).

5. The foregoing are the only points which were legally before the judge of the superior court; and he erred in sustaining the certiorari.
                                        *Judgment reversed.*

Certiorari; from Fulton superior court—Judge Bell. September 24, 1909.

Argued December 21,—Decided December 24, 1909.

*G. W. Brooks,* for plaintiff in error. *W. H. Terrell,* contra.