### 35324. GEORGE v. DAVISON-PAXON COMPANY.

DECIDED OCTOBER 1, 1954.

*J. C. Bowden,* for plaintiff in error.

*Emory Schwall, Houston White, David A. Hewett,* contra.

TOWNSEND, J. The defense attempted to be interposed against the levy was to the effect that the defendant E. C. George is the owner of the property levied upon, and that the same constitutes a part of the property set apart to him on April 13, 1954, by order of the Ordinary of Fulton County as homestead property exempt from levy and sale. The oral motion to strike was on the ground that such pleading amounted to a claim by the defendant E. C. George, and that it was ineffective as such in that no claim bond was filed in support thereof. Code § 39-802 makes mandatory the giving of a bond made payable to the plaintiff in execution in at least double the amount of the value of the property levied upon, conditioned to pay all damages which the plaintiff may sustain if the jury finds that the claim was made for purposes of delay only. Code § 39-807 provides that a pauper's affidavit may be given where the claimant shall be unable to give the bond and security required. If

neither the damage bond provided by Code § 39-802 nor the pauper's affidavit provided by § 39-807 is filed, a motion to dismiss the claim should be sustained. *Hand* v. *F. W. Hall Mdse. Co.*, 91 *Ga.* 130 (2) (16 S. E. 644). The proper interposition of a claim would, of course, have been a correct method of contesting the levy and sale on the ground the property had been previously homesteaded. *Brantley* v. *Stephens*, 77 *Ga.* 467; *Crowley & Co.* v. *Freeman*, 9 *Ga. App.* 1 (1) (70 S. E. 349). The defendant has cited no rule of law—and we know of none—under which he would be entitled to stay a levy upon property levied upon as belonging to his wife, by virtue of a judgment against her, on the ground that the property was owned and had been homesteaded by him, in a proceeding at law where he does not comply with the statutory requirements.

Accordingly, the Appellate Division of the Civil Court of Fulton County did not err in dismissing the defensive pleading on motion of the plaintiff in execution.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*