### 37619. HARDY *v.* GEORGE C. MURDOCK FREIGHT LINES, INC.

QUILLIAN, Judge. 1. Where, in a timely bill of exceptions, error is assigned on the trial court's action in dismissing, on oral motion of the plaintiff in fi. fa., three separate "affidavits of illegality", each of which had been interposed by the plaintiff in error to the levy of a certain execution on one specific piece of personal property in the possession of the plaintiff in error, the bill of exceptions will be construed as assigning error on the court's dismissal of each of the documents, and the writ or error will not be dismissed on the ground that the assignment of error fails to designate to which order exception is taken.

2. The defendant in fi. fa is not, on appeal to this court, a necessary party in a claim case, and the writ of error will not be dismissed on the ground that such defendant was not made a party to the proceedings in this court. *Graves* v. *Tift*, 50 *Ga.* 122; *Jones* v. *Major*, 80 *Ga. App.* 223 (55 S. E. 2d 846).

3. The writ or error will not be dismissed on the ground that the levy is not included in the record on appeal to this court in a claim case. The claimant in a claim case is the only proper party to raise complaint upon this score, and in this case even if he cared to make such complaint, which is entirely unlikely, he would be estopped to do so, as it is recited in his affidavits and claim bond that the execution had been levied on the property in question. *Cohen* v. *Broughton*, 54 *Ga.* 296; *Drawdy* v. *Littlefield*, 75 *Ga.* 215 (5); *Pharr* v. *Estey Piano & Organ Co.*, 7 *Ga. App.* 262 (66 S. E. 618).

4. "It is well settled that misnomer of a pleading will not vitiate, since it is the function of the courts, rather than the pleader, to determine in the final analysis the sufficiency of the allegations contained therein, and such a defect would certainly be no cause for striking any defensive pleading which in fact set out a valid defense against the allegations of the petition." *Alpharetta Feed & Poultry Co.* v. *Cocke*, 82 *Ga. App.* 718,

728 (62 S. E. 2d 642), and cit. While the documents interposed to the levy upon the personal property in question were denominated by the pleader, and treated by the trial court, as "affidavits of illegality", at least one of the documents, as will be illustrated hereinafter, contained all the essentials of a claim affidavit.

5. By the terms of Code § 39-801 it is provided: "When any sheriff or other officer shall levy an execution or other process on property claimed by a third person not a party to such execution, such person, his agent, or attorney may make oath to such property," upon giving bond and security made payable to the plaintiff in execution in accordance with the provisions of Code § 39-802. *George* v. *Davison-Paxon Co.,* 90 *Ga. App.* 717 (84 S. E. 2d 122).

6. "All affidavits for the foreclosure of liens, including mortgages, and all affidavits that are the foundation of legal proceedings and all counter-affidavits shall be amendable to the same extent as ordinary petitions, and with only the restrictions, limitations, and consequences obtaining in the case of ordinary petitions and pleas." Code § 81-1203. *Blackwell* v. *Pennington & Sons,* 66 *Ga.* 240; *General Motors Acceptance Corp.* v. *Allen,* 59 *Ga. App.* 614 (1) (1 S. E. 2d 705).

7. Under a conditional-sale contract, George C. Murdock of Whitfield County, Dalton, Georgia, purchased a certain described automobile. On July 27, 1958, he died, and his executors were duly appointed. On September 26, 1958, the conditional-sale contract was assigned by the holder to George C. Murdock Freight Lines, Inc., which corporation, on October 16, 1958, duly caused an execution to be issued thereon from the Superior Court of Whitfield County. The execution was levied on the automobile in the possession of Thomas D. Hardy, a resident of Fulton County, by the Sheriff of Fulton County. On October 30, 1958, Hardy interposed what he denominated an "affidavit of illegality" in which he swore that he had purchased the automobile from Mr. Murdock before the conditional-sale contract was issued, but this affidavit contains no averment that he (Hardy) was the lawful owner of the property at the time of the levy, nor was any bond executed to the plaintiff in execution in connection therewith. On November 13, 1958, Hardy executed a second "affidavit of illegality" to the levy, which was with minor additions, essentially the same as the first affidavit. On No-

vember 17, 1958, Hardy executed a third affidavit averring that the execution was proceeding illegally as he had purchased the automobile from Murdock prior to the execution of the conditional-sale contract; that he was not indebted to Murdock; that the bill of sale for the automobile from Murdock to Hardy had been duly recorded, and he (Hardy) was and is the lawful owner of the automobile. With this latter affidavit Hardy also filed a proper "claim bond." All these papers were served upon the Sheriff of Fulton County who duly returned them to the proper term of the Superior Court of Whitfield County. On oral motion, the Superior Court of Whitfield County, on January 23, 1959, entered identical orders on each of the affidavits dismissing them. The trial court did not err in dismissing the first and second affidavits as these two affidavits were defective in that no bond or bonds was filed therewith (See *George* v. *Davison-Paxon Co.*, 90 *Ga. App.* 717, supra) and they contained no averment of ownership of the automobile. The court, however, erred in dismissing the third affidavit as such affidavit contained all the essentials of a claim affidavit and the requisite claim bond was filed therewith.

*Judgment reversed in part and affirmed in part. Felton, C. J., and Nichols, J., concur.*

DECIDED APRIL 10, 1959—REHEARING DENIED APRIL 28, 1959.

*E. B. Shaw,* for plaintiff in error.
*Pittman, Kinney & Pope, J. T. Pope, Jr.,* contra.