41385.  THE CITIZENS & SOUTHERN NATIONAL BANK
v. CAPITAL CONSTRUCTION COMPANY.

Argued July 7, 1965—Decided September 8, 1965.

190

*Claude Hambrick,* for plaintiff in error.

*Tindall & Tindall, Joseph D. Tindall, Jr.,* contra.

NICHOLS, Presiding Judge. Under *Code Ann.* § 109A-9—302 (1) (e), the assignment of an account not embracing a loan or in connection with other assignments to the same assignee, a significant part of the outstanding accounts or contract rights of the assignor does not have to be perfected by the filing of a financing statement under the Uniform Commercial Code, and under *Code Ann.* § 109A-9—203 the security agreement must be in writing but not in any particular form. The writing relied upon in the instant case stated that the "account" (right to payment for goods sold or services rendered, *Code Ann.* § 109A-9—106), had been assigned to the plaintiff, the defendant acknowledged such assignment and the writing was delivered to the plaintiff who on the strength thereof loaned money to the debtor (the defendant's creditor).

Under the decision of the Supreme Court in *Southern Mut. Life Ins. Co. v. Durdin,* 132 Ga. 495 (64 SE 264, 131 ASR 210), the language used in the letter addressed to the defendant and "accepted" by it was sufficient to constitute an assignment of the indebtedness so as to create a security interest under the

terms of the Uniform Commercial Code and there had been value given (the loan to the defendant's creditor) so as to bring it under the terms of *Code Ann.* § 109A-9—204 before the present action was filed.

As between the plaintiff and the defendant the petition set forth a cause of action and the trial court erred in sustaining the defendant's general demurrer and dismissing the petition.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*