44471. McINVALE et al. v. TIFTON AIR SERVICE, INC.

ARGUED MAY 5, 1969—DECIDED JUNE 18, 1969.

*H. Thad Crawley, Dan S. Beeland,* for appellants.
*Sutton, Kelley & Pittman,* for appellee.

FELTON, Chief Judge. 1. Enumerated error 1 is the following charge: "Gentlemen, I charge you that the lien of the judgment rendered before the recording of the prior mortgage is superior to the lien of the mortgage. Thus, if you find that the claim of Mrs. McInvale is based upon a security instrument which has not been perfected by recordation prior to the levy of the execution, then it would be your duty to find in favor of the plaintiff, Tifton Air Service, insofar as your consideration of the bill of sale to secure debt that she contends that she held." The first sentence in the above charge was a correct and applicable statement of the existing law, as found in Ga. L. 1962, pp. 156, 397 (*Code Ann.* § 109A-9—301 (1b)). There is no evidence that the judgment creditor had knowledge of claimant McInvale's unrecorded, unperfected security interest when it "[became] a lien creditor" (§ 109A-9—301 (1b)), since it became a lien creditor when it obtained the judgment, rather than when the execution thereon was levied. Nor did the evidence authorize a finding that the property levied on was in the possession of claimant McInvale, so as to relieve her of the neces-

sity of filing a financing statement to perfect her security interest in said collateral, as provided by Ga. L. 1962, pp. 156, 398 (*Code Ann.* § 109A-9—302 (1a)). Instead, the evidence demands the finding that the judgment debtor had deeded the property to his mother, claimant McInvale, with an option to buy it back from her at such time as he might become financially solvent. This constituted a "bulk transfer," as defined by Ga. L. 1962, pp. 156, 321 (*Code Ann.* § 109A-6—102), and, as the evidence shows no compliance with the requirements of the Uniform Commercial Code—Bulk Transfers (*Code Ann.* Ch. 109A-6), possession remained in the judgment debtor insofar as his creditors were concerned. *Code Ann.* § 109A-6—105. The fact that this instruction did not apply to the claimant bank should have been apparent to the jury, both from the fact that the judgment was not entered prior to the recording of the bank's prior mortgage and the fact that the second sentence of the instruction specifically applied it to only Mrs. McInvale's claim. Enumerated error 1 is without merit.

2. Enumerated error 2 is the following charge: "I charge you that certain acts by a debtor are declared to be fraudulent in law against creditors and others, and as to them, null and void. One such act is any assignment or transfer by a debtor, *insolvent at the time,* of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor or any person for him.

"Every conveyance of real or personal property by writing or otherwise and every born suit [sic], judgment and execution or contract of any description, had or made with intention to delay or defraud creditors and such intention known to the party taking, is likewise null and void. A bona fide transaction on the value for [sic] consideration and without notice or grounds for reasonable suspicion shall be valid." (Emphasis supplied.)

Even if the above instruction was error, for the contended reason that there was no evidence that the judgment debtor was insolvent at the time of his assignment or transfer of the property in question, it was not harmful error as to the claimants, since the jury made the explicit finding of fact that there was

no intention of fraud on the part of claimants. Furthermore, as indicated in Division 1, hereinabove, the judgment debtor's assignment or transfer was not effective to divest himself of possession of the property because of failure to comply with the bulk transfer law, therefore the purported transfer was null and void as to claimants even if the judgment debtor was not insolvent at that time. Enumerated error 2 is without merit.

3. Enumerated error 3 is a charge of the court stating that the levy of the execution was made, whereas it is contended that there is no evidence thereof. The claim affidavits and bonds recite that the property has been levied on, therefore the claimants are estopped from denying the levy. *Hardy v. George C. Murdock Freight Lines,* 99 Ga. App. 459 (3) (108 SE2d 739) and cit.; *Pearce & Renfroe v. Renfroe Bros.,* 68 Ga. 194 (5a).

4. Enumerated error 4 is as follows: "The court erred in failing to charge all of the law of claims that was material and applicable to the evidence and facts of the case. It did not charge as issues contended by appellants as to the law showing the rank of priorities under the instruments of bills of sale, absolute conveyances as against judgment; and especially the law peculiar to conflicting claims under the Universal [sic] Commercial Code [citing page numbers in the transcript of evidence of certain exhibits introduced in evidence]."

The court correctly charged as to the subordination of unperfected security interests to the rights of a lien creditor. Although the issue of the validity of the claimant bank's prior recorded bill of sale, on account of an error in the description of the covered property, was raised during the trial and argued in appellants' brief, the above enumerated error is not specific enough to show what the court should have charged, especially since there was no objection to the court's failure to charge. The court did not err in entering judgments on the verdict for any of the reasons contended.

*Judgments affirmed. Pannell and Quillian, JJ., concur.*