47620. GENERAL LITHOGRAPHING COMPANY et al. v. SIGHT & SOUND PROJECTORS, INC. et al.
47621. FIRST NATIONAL HELLER FACTORS, INC. v. SIGHT & SOUND PROJECTORS, INC. et al.

PANNELL, Judge. These cases present an appeal and cross appeal involving the order of priorities to a chose in action among an unperfected security interest, a garnishing creditor, a lien creditor, a perfected security interest, and other intervening judgment creditors.

1. The trial court did not err in holding that the security interest of First National Heller Factors, Inc. (cross-appellant) was perfected after the garnishment of appellee Sight & Sound Projectors, Inc., but prior to any garnishment or claim by any other creditor or defendant. Distribution of money received by garnishment must be made according to priorities established by law. Code § 46-502. A judgment does not create a lien on a chose in action. The lien on a chose in action is created by the service of a summons of garnishment, and the lien dates from the date of the service of the summons, and not from the date of the judgment. *Armour Packing Co. v. Wynn,* 119 Ga. 683 (46 SE 865); *McWilliams v. Hemingway,* 80 Ga. App. 843 (57 SE2d 623). Summons of garnishment was served by appellee, Sight & Sound Projectors, Inc., on July 1, 1972. To perfect the assignment of accounts receivable, a financing statement must be filed in the county of debtor's residence, where he is a resident individual. Ga. UCC Section 9-401 (1) (b) (Code Ann. § 109A-9—401 (1) (b)). The debtor in this case was a resident individual with offices in DeKalb County but residing in Fulton County. A financing statement was filed in Fulton County on August 27, 1972. An unperfected security interest is subordinate to the

rights of a person who becomes a lien creditor without knowledge of the security interest and before it is perfected. Ga. UCC Section 9-301 (1) (b) (Code Ann. § 109A-9—301 (1) (b)). *McInvale v. Tifton Air Service,* 119 Ga. App. 821 (168 SE2d 898). Following perfection of the security interest, other creditors enjoy no priority over the security interest. Therefore, the court did not err in ordering first priority to Sight & Sound Projectors, Inc., the garnishing creditor, in the amount of $3,887.58 (the total claimed as due) or in ordering that the lien of First National Heller Factors, Inc. (when the security interest was perfected) was superior to the claim of all other creditors who intervened in the proceeding. The court's order to pay the amount stated to Sight & Sound Projectors, Inc., and the balance of the funds (less than the amount claimed) to First National Heller Factors, Inc., with provision for costs to the garnishee and the moving creditor was not error. Although the debtor himself might be estopped from claiming such amount by the terms of his security agreement, plaintiff appellee by garnishment had priority over an unperfected security interest.

2. The trial court did not err in finding, in support of the judgment entered, that there were other assignments to cross-appellant First National Heller Factors, Inc., and that this assignment in conjunction with the assignments to the same assignee transferred a significant part of the outstanding accounts of the judgment debtor. In the absence of such finding, the filing necessary to perfect a security interest would not be required. Ga. UCC Section 9-302 (1) (e) (Code Ann. § 109A-9—302 (1) (e)). The security agreement dated February 6, 1970 with First National Heller Factors, Inc., incorporated, by stipulation, clearly reflects that the debtor ". . . hereby pledge and assign and grant to us and to Walter E. Heller & Company and the First National Bank of Atlanta a security interest in *all* of

your sales accounts, *all* of your reserves, funds, moneys, sums or properties in or hereafter coming into our hands and *all* moneys payable to you pursuant to this Factoring Agreement to secure all of your obligation to us, and to be applied by us, at our option and in our sole discretion, to the payment of any and all other sums, indebtedness and liabilities owing from you, whether such sums, debts and liabilities are or become owing hereunder or under any other agreement now or hereafter existing between you and us or by reason of any other obligation which you may have to us, including, but not limited to, any amounts owing by you to us for merchandise purchased from any concern factored or financed by us, or for commissions or interest, or otherwise. Your grant of a security interest in the aforesaid collateral shall also secure *all* of your obligations, indebtedness and liability now existing or hereafter arising to Walter E. Heller & Company and the First National Bank of Atlanta." (Emphasis supplied.)

The financing statements, also stipulated, filed by First National Heller Factors, Inc., indicate: "*All* accounts receivables, customer obligations or other choses in action whether arising out of the sale or other disposition of inventory, at any time or from time to time, or otherwise arising, and whether on open account or on deferred or installment terms, and whether now existing or hereafter arising, and monies or claims for monies due or to become due thereunder, and *all* proceeds thereof, including collections, and *all* returned or repossessed goods arising therefrom or related thereto."

We cannot say that the evidence upon which the trial court based its finding was insufficient.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 7, 1972 — DECIDED FEBRUARY 1, 1973 — REHEARING DENIED FEBRUARY 28, 1973.

*Poole, Pearce, Cooper & Smith, Robert R. Smith, Ernest J. Nelson, Jr.,* for General Lithographing.

*Hansell, Post, Brandon & Dorsey, Terrence Lee Croft,* for First National Heller Factors.

*Cotton, Katz & White, J. Timothy White, Sewell K. Loggins, Max B. Hardy,* for appellees.