28632. PARK AVENUE BANK v. BASSFORD et al.

JORDAN, Justice.

On July 28, 1972, William O. Bassford, hereinafter called the "owner," entered into a written contract with James E. Steverson, hereinafter called the "contractor," wherein the contractor agreed to construct for the owner a certain building in Valdosta for a total lump-sum consideration of $20,275 payable upon completion of the contract. The contractor was to furnish all labor and materials and deliver to the owner the completed building according to specifications attached to the contract. The contractor commenced work under the contract on or about August 1, 1972, and on August 11, 1972, negotiated a loan with the appellant Park Avenue Bank, hereinafter called the "bank," at which time he agreed to assign the construction contract to the bank as security for said loan. Pursuant to said agreement and on the same date the contractor wrote a letter to the

owner notifying him of the assignment of the contract to the bank to secure credit advanced against the contract and requesting that the owner make the check in the amount of the contract payable jointly to the contractor and the bank. On the bottom of the same letter the owner in writing stated that he recognized the above described contract assignment and agreed to make payment jointly to the owner and the bank as requested in said letter. On said date the bank made a construction loan to the contractor in the initial amount of $10,309.32 and by later advances increased the total loan amount to the contractor to $15,553.39.

The contractor did not completely finish the building according to the contract and the owner took over and spent the sum of $757.11 in completing the building. At the time the contract was completed materialmen had lienable claims in the combined sum of $9,975.97, each of which liens was timely filed during the period between October.23, 1972, and January 15, 1973. At the time the contract was completed on November 13, 1972, the owner had not paid anything on the contract price, the contractor was insolvent, and neither the bank nor the materialmen had been paid.

On January 25, 1973, the owner filed the present action in Lowndes Superior Court against the bank, the contractor, and the lien holders to determine the rights and priorities of the parties to the contract price. Following an evidentiary hearing in which the trial judge acted as judge and jury, an order was entered holding that the statutory liens of the materialmen had priority over the bank's security interest in the contract rights and ordered the owner to pay the lien holders and to pay the remainder of the contract price to the bank. It is from this order that the bank appeals. *Held:*

The bank contends that it acquired a security interest in "contract rights" under the provisions of Code Ann. § 109A-9—106 and that the letter from the contractor to the owner giving notice of such assignment and the acknowledgment thereof by the owner on the letter was sufficient to constitute a valid assignment, thereby giving the bank a security interest in the contract rights. We agree with this contention. See

*Citizens & Southern Nat. Bank v. Capital Const. Co.,* 112 Ga. App. 189 (144 SE2d 465).

The next contention of the bank is that its security interest in the contract rights was perfected without the filing of a financing statement as required by Code Ann. § 109A-9—302. We do not agree with this contention. Under the cited Code section a financing statement must be filed to perfect all security interests unless the assignment to the assignee does not transfer a significant part of the outstanding contract rights of the assignor. The trial court found, and the evidence clearly authorizes the finding, that the assignment from the contractor to the bank did transfer a significant part of the outstanding contract rights of the assignor. Therefore, the bank was required to file a financing statement in order to perfect its security interest. This it did not do until May, 1973, long after the materialmen's liens were filed and recorded. See *General Lithographing Co. v. Sight & Sound Projectors,* 128 Ga. App. 304 (196 SE2d 479).

Code Ann. § 109A-9—310 generally provides that a *perfected* security interest takes priority over liens described in §§ 67-1701 and 113-1508. (Emphasis supplied.) This provision does not aid the appellant here since its security interest was not perfected according to law.

Therefore under the circumstances of this case the trial court did not err in holding that the recorded materialmen's liens, except for the one held invalid, were superior to the security interest of the bank.

*Judgment affirmed. All the Justices concur, except Grice, C. J., Gunter and Ingram, JJ., who concur specially, and Hall, J., who concurs in the judgment only.*

SUBMITTED FEBRUARY 11, 1974 — DECIDED MAY 7, 1974.

*Robert J. Dewar, Reinhardt, Whitley & Sims, Bob Reinhardt,* for appellant.

*Young, Young & Ellerbee, F. Thomas Young, Coleman, Blackburn, Kitchens & Bright, J. Converse Bright, Edwards, Edwards & Edwards, John Kent Edwards, Walker, Yancey & Gupton, J. Stephen Gupton,*

*Reuben H. Yancey, Langdale & Vallotton, W. P. Langdale, Jr., McLane & Dover, H. Arthur McLane, Tillman, Brice, McTier & Coleman, Wade H. Coleman, Ed G. Barham,* for appellees.

GUNTER, Justice, concurring specially.

I concur in the judgment rendered by the court in this case, but it is my position that the bank's security interest in this case, whether that security interest be perfected or not, would not have priority over the liens against the real estate properly asserted by the materialmen.

As I understand the Uniform Commercial Code a "security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. Code Ann. § 109A-1—201 (37). Under the Uniform Commercial Code a secured party cannot have a "security interest" in realty.

Code Ann. § 67-2001 gives to materialmen a special lien on real estate. In this case the materialmen acquired liens on the real estate of the owner. The bank had only a security interest in "contract rights" between the owner and the contractor. And had the bank in this case properly perfected its security interest, the bank still would not have had any right to or claim of lien upon the real estate. Therefore, under the circumstances here, there was no way for the bank to come ahead of or divest the liens of materialmen who had a "special lien upon the real estate."

Code Ann. § 109A-9—310 provides that "[A] perfected security interest in collateral takes priority over each and all of the liens, claims and rights described in §§ 67-1701 and 113-1508, . . ." The words in this Code section, "a perfected security interest in collateral," cannot be read to mean "a perfected security interest in real estate," because there can be no security interest in real estate under the Uniform Commercial Code.

Code § 67-1701 enumerates a number of liens that can be acquired against personal property, and a perfected security interest under the Uniform Commercial Code does have priority over liens against personalty that are enumerated in Code § 67-1701.

However, since there can be no security interest in real estate under the Uniform Commercial Code, a perfected security interest pursuant to Code Ann. § 109A-9—310 does not take priority over a special statutory lien on real estate such as that accorded materialmen in Georgia.

My reading of the majority opinion leaves with me the implication that a perfected security interest in collateral would pursuant to Code Ann. § 109A-9—310, take priority over a materialmen's special lien on real estate granted by Code Ann. § 67-2001. That is not my view.

I concur in the judgment of affirmance because a materialmen's lien against real estate takes priority over a perfected security interest in collateral as the terms "security interest" and "collateral" are used in the Uniform Commercial Code. In the context of this case the owner, in order to clear the title to his real estate, had to first pay the liens of materialmen whose material improved his real estate; and then any balance owed on the contract after paying the materialmen, thereby divesting their liens, was due the bank in satisfaction of its security interest in "contract rights."

I am authorized to state that Mr. Chief Justice Grice and Mr. Justice Ingram concur in this concurring opinion.