PHILLIPS & JACOBS, INC., Plaintiff,

v.

COLOR–ART, INC., Agent Harold Klemmetsen, Defendant,

v.

TRUST COMPANY BANK OF COBB COUNTY, Garnishee and Third Party Plaintiff,

v.

UNITED STATES of America, Third Party Defendant by Interpleading on Behalf of Trust Co. Bank of Cobb County.

Civ. A. No. C80–1904–A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 14, 1982.

Cotton, Katz, White & Palmer, Atlanta, Ga., for plaintiff.

J. Al Cochran, Smyrna, Ga., for garnishee and third party plaintiff.

Asst. U.S. Atty., Atlanta, Ga., Curtis L. Muncy, Atty., Tax Div., Dept. of Justice, Washington, D.C., for U.S.

## ORDER

ROBERT H. HALL, District Judge.

This matter came before the Court on the motion for summary judgment of the United States of America. Counsel for Phillips & Jacobs, Inc., Color-Art, Inc., and Trust Company Bank of Cobb County have failed to respond to the motion for summary judgment of the United States. Pursuant to Local Federal Rule 91.2, a failure to file a response to a motion indicates that there is no opposition to the motion. The Court, having considered the memorandum of law and other documents submitted by the United States in support of its motion for summary judgment and the pleadings on file, hereby makes the following findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure:

## FINDINGS OF FACT

1. This is an interpleader action brought by the Trust Company Bank of Cobb County (Trust Company Bank) to interplead the amount of $9,707.32, which the taxpayer-defendant, Color-Art, Inc., had on deposit with Trust Company Bank as of October 6, 1980.

2. This action was originally commenced in the State Court of Cobb County, State of Georgia, on or about October 6, 1980. Pursuant to the Petition for Removal of the United States filed on November 4, 1980, and 28 U.S.C., Sections 1444 and 1446, this action was removed from the State Court to this Court.

3. On the following dates and in the following amounts the United States assessed withholding income and FICA taxes, interest, and penalties, against the taxpayer-defendant, Color-Art, Inc., and gave notice and demand for payment of such amount: on March 19, 1979, in the amount of $4,752.98 in tax, $1,212.01 in penalties, and $107.56 in interest; on April 9, 1979, in the amount of $4,872.25 in tax, $755.20 in penalties, and $55.93 in interest; on September 24, 1979, in the amount of $12,575.06 in tax, $2,348.07 in penalties, and $190.78 in interest; on June 9, 1980, in the amount of $5,631.64 in tax, $426.50 in penalties, and $116.41 in interest; on June 30, 1980, in the amount of $4,824.02 in tax, $289.44 in penalties, and $96.74 in tax.

4. Notices of Federal Tax Lien were filed with the Clerk of Superior Court, Cobb County, Georgia, on August 3, 1979, in the amount of $16,058.17, on November 16, 1979, in the amount of $2,884.30, and on May 22, 1980, in the amount of $11,190.14.

5. On August 28, 1980, the plaintiff, Phillips & Jacobs, Inc., caused a summons of garnishment to be served upon Trust Company Bank, by which it sought, as a judgment creditor of the taxpayer-defendant, Color-Art, Inc., to garnish all property of Color-Art, Inc. which was in the possession of Trust Company Bank.

6. On September 12, 1980, a Notice of Levy was served upon Trust Company Bank by the United States.

## CONCLUSIONS OF LAW

1. This action was brought under 28 U.S.C., Section 2410(a)(5), and is properly before this Court pursuant to 28 U.S.C., Section 1444. The Court has jurisdiction over the parties and the subject matter.

2. In deciding whether the plaintiff, Phillips & Jacobs, Inc., or the defendant, United States of America, is entitled to the fund interplead it is necessary for this Court to look to state law to determine the nature of the legal interest and to federal law to determine the consequences attaching thereto. *Aquilino v. United States,* 363 U.S. 509, 513–514, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960); *Randall v. Nakashima,* 542 F.2d 270, 273 (5th Cir.1976); *United States v. Citizens and Southern National Bank,* 538 F.2d 1101, 1105 (5th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977).

3. It is settled law in Georgia that a person who places money in a bank on general deposit loses title to the money and creates a creditor-debtor relationship with the bank. The funds deposited are transformed into a chose in action. *United States v. Citizens and Southern National Bank, supra* at 1105; *Macon National Bank v. Smith,* 170 Ga. 332, 153 S.E. 4 (Ga.1930); *Fulton County v. Wright,* 146 Ga. 447, 91 S.E. 487 (Ga.1917).

4. A chose in action is property or rights to property to which a federal tax lien will attach. *United States v. Citizens and Southern National Bank, supra* at 1105; *United States v. Hubbell,* 323 F.2d 197, 200 (5th Cir.1963); Internal Revenue Code of 1954, Section 6321.

5. All monies placed on deposit by the taxpayer-defendant, Color-Art, Inc., with Trust Company Bank created in the taxpayer-defendant a chose in action to which a federal tax lien would attach. *United States v. Citizens and Southern National Bank, supra* at 1105; *United States v. Hubbell, supra* at 200.

6. A federal tax lien arises upon assessment and demand, and attaches to all property or rights to property of the taxpayer, including property acquired after the date of the assessment. Internal Revenue Code of 1954, Sections 6321 and 6322; *Glass City Bank v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945).

7. A properly filed Notice of Federal Tax Lien validates a tax lien as to purchasers, holders of a security interest, and judgment lien creditors. Internal Revenue Code of 1954, Section 6323.

8. The United States holds a federal tax lien valid as against purchasers, holders of security creditors, and judgment creditors as of August 3, 1979, November 16, 1979, and May 22, 1980, the dates of the filing of the Notices of Federal Tax Lien by the United States.

9. Under Georgia law a judgment creditor may not create a lien upon a debtor's chose in action except by way of summons of garnishment. *Georgia Code,* Section 39–113; *Kilgore v. Buice,* 229 Ga. 445, 192 S.E.2d 256 (Ga.1972); *General Lithography Company v. Sight and Sound Projection Production, Inc.,* 128 Ga.App. 304, 196 S.E.2d 479 (Ga.App.1973).

10. When the plaintiff, Phillips & Jacobs, Inc., on August 28, 1980, caused a summons of garnishment to be served upon Trust Company Bank the United States held a valid federal tax lien on all property and rights to property, including the chose in action of the taxpayer-defendant, Color-Art, Inc., which is superior to and entitled to priority over any lien created by the summons of garnishment of the plaintiff, Phillips & Jacobs, Inc.

11. There exists no genuine dispute as to any material fact and the United States is entitled to judgment in its favor awarding it the interplead fund as a matter of law. Rule 56(c) of the Federal Rules of Civil Procedure.