**SPERRY CORPORATION,**

v.

**FARM IMPLEMENT, INC.,**

**Bush Hog, a Division of Allied Products Corp., a/k/a Bush Hog Agri Implement Division of Allied Implement, Appellant,**

**First State Bank, Springdale, Arkansas,**

**The United States of America, Acting Through the Small Business Administration, Appellee.**

**Arkansas State Bank, Siloam Springs, Ark.; Federal Mutual Insurance Co.; Ansel Manufacturing Company, Inc.; The State of Arkansas, through the Arkansas Department of Finance & Administration; J.I. Case Company; Northwest National Bank.**

No. 84–2359.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1985.

Decided April 15, 1985.

---

Powell Woods, Siloam Springs, Ark., for appellants.

J. Michael Fitzhugh, Asst. U.S. Atty., Fort Smith, Ark., James Paul Beachboard, Small Business Admin., Little Rock, Ark., for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

BRIGHT, Circuit Judge.

This appeal arises out of an interpleader action commenced by Sperry Corporation ("Sperry") to determine the priorities of several creditors of Farm Implement, Inc., to certain funds held by Sperry after its dealership arrangement with Farm Implement expired. The district court[1] determined that the Small Business Administration ("SBA"), appellee, held the superior lien and was therefore entitled to the funds. Appellant Bush Hog, a Division of Allied Products Corporation, asserts that its priority of lien entitles it to those funds. We affirm.

## I. BACKGROUND

Farm Implement sells farm machinery and equipment at retail and had a dealership arrangement with Sperry for several years. The dealership arrangement included a retail financing agreement, under which Sperry purchased from Farm Implement the chattel paper arising out of Farm Implement's sales of Sperry machinery and equipment under installment sales contracts. Sperry would credit Farm Implement's account for the net amount of each retail sales contract, less a fee of two percent to three percent credited to a "dealer reserve account" for Farm Implement, which Sperry maintained to reimburse itself for any losses it might incur in financing the retail installment contracts on equipment sold by Farm Implement. Because the dealership arrangement has been terminated and all installment sales contracts held by Sperry have been paid in full, Sperry owes Farm Implement the $23,959.21 balance remaining in the dealer reserve account.

After numerous creditors of Farm Implement filed claims to these funds, Sperry instituted an interpleader action in state court seeking a determination of which

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

creditor was entitled to the money. The SBA, an agency of the United States, removed the action to federal court. All but two of the interpleaded defendants have entered disclaimers, leaving the case a straight priority contest between the SBA and Bush Hog.

The underlying claims of the parties rest on the following transactions. In 1977, the SBA loaned $100,000 to Farm Implement and retained a security interest in, *inter alia,* Farm Implement's inventory and accounts receivable (presently owned or hereafter acquired). The SBA perfected its security interest by proper filing on April 15 and 18, 1977. The unpaid principal on the loan currently is $34,808.89. In 1982, Bush Hog obtained a judgment against Farm Implement in state court for $33,191.62, plus costs. Bush Hog then filed a garnishment action and obtained an order, entered March 8, 1983, directing Sperry to pay to Bush Hog the balance remaining in the dealer reserve account after all the installment sales contracts were paid in full.

The district court found that the SBA had properly perfected its security interest, that the funds in the dealer reserve account belonging to Farm Implement were proceeds from the sale of inventory to which the SBA's security interest attached, and that the SBA's security interest attached prior in time to that of Bush Hog and, hence, was superior to Bush Hog's judgment lien. Consequently, it entered an order directing disbursement of the funds to the SBA.

## II. DISCUSSION.

Bush Hog asserts that the court erred in ordering the money paid to the SBA. It characterizes the dealer reserve account as an account receivable and argues that the SBA's security interest could not take effect until Sperry's indebtedness to Farm Implement was actually established by the pay-out of all outstanding installment sales contracts. But, it asserts, that security interest never came into existence because by the time Sperry's indebtedness accrued, the funds in the account belonged to Bush Hog under the garnishment order. Bush Hog analogizes the garnishment procedure to a situation in which an accounts receivable creditor receives payment from the accounts receivable debtor prior to a secured party's assertion of its security interest in the account, leaving nothing in the account to which the secured party's security interest could attach. We disagree.

The funds in the dealer reserve account were proceeds from the sale of inventory to which the SBA's security interest in accounts receivable attached. Section 85–9–301(1)(b) of the Arkansas Code provides that the holder of an unperfected security interest is subordinate to a person who becomes a lien creditor[2] before the security interest is perfected. This means that the holder of a perfected security interest takes priority over a subsequent lien creditor under the general code principle that gives priority to the earliest perfected security interest. Ark.Stat.Ann. 85–9–312(5) (1961 & 1983 Cum.Supp.). Even assuming that the SBA's security interest in this account did not attach until all the installment sales contracts had been paid out, Bush Hog's lien would, at best, attach at the same time and would still be subject to the SBA's prior security interest. *See Texas Oil & Gas Corp. v. United States,* 466 F.2d 1040, 1048 (5th Cir.1972), *cert. denied,* 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591 (1973).

Although the parties do not cite any Arkansas cases on this precise point, other jurisdictions grant priority to the holder of a security interest in property in similar situations. *See Earl Dubey & Sons, Inc. v. Macomb Contracting Corp.,* 97 Mich. App. 553, 296 N.W.2d 582, 588 (1980) (Uniform Commercial Code subordinates subsequent lien creditor to holder of a prior perfected security interest); *accord Davidson v. Smith Canadian Peat, Inc.,* 163

---

**2.** Bush Hog is a lien creditor pursuant to the terms of section 85–9–301(3) which defines a "lien creditor" as one "who has acquired a lien on the property involved by attachment, levy or the like * * *." Ark.Stat.Ann. § 85–9–301(3) (1983 Cum.Supp.).

Ga.App. 367, 294 S.E.2d 582 (1982). Accordingly, we hold that the district court did not err in determining that the SBA had priority over Bush Hog to the funds in the dealer reserve account.

Affirmed.